IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1889.

CITY OF MEADVILLE v. MARY DICKSON, ET AL. | 129 1 | 171 165

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD
COUNTY.

Argued May 1, 1889—Decided October 14, 1889.
[To be reported.]

1. Section 57, act of May 23, 1874, P. L. 269, providing that any city of
the third class may become subject to the provisions of said act, and
that the mayor and councils of such city may effect the same by an ordi-
nance thereof duly enacted, is valid and constitutional, and not obnox-
ious to the charge of being special or local legislation: Reading City
v. Savage, 124 Pa. 328.
2. But the act of April 11, 1876, P. L. 20, amending the act of May 23,
1874, dividing cities into three classes, etc.; and the act of May 24,
1887, P. L. 204, dividing cities into seven classes; and as well the act
of May 17, 1887, P. L. 117, authorizing cities of the third, fourth and
fifth c'asses to levy and collect taxes, etc., are all so much interwoven
with unnecessary and excessive classification, that no part of either can
be sustained as constitutional: Ayars's App., 122 Pa. 266.
3. Wherefore, a municipal claim for lien filed by the city of Meadville
against an adjoining property owner to recover the cost of constructing
a sewer, under §§ 47, 48, 49, act of May 23, 1874, P. L. 259, which were
adopted by said city by ordinance enacted in pursuance of § 16, act of
April 11, 1876, P. L. 25, is invalid and void, will be stricken from the
record, and a scire facias issued thereon will be quashed: Greensburg
Bor. v. Young, 53 Pa. 280, distinguished.

**2**          EASTERN DISTRICT, 1889.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 472 January Term 1889, Sup. Ct.; court below, No. 109 February Term 1887, C. P.

On December 8, 1886, a municipal claim was filed by the city of Meadville against the property of Mary Dickson and Jane Dickson fronting on North street, for the proportional cost of a sewer constructed along said street.

The city of Meadville was originally incorporated by the act of February 15, 1866, P. L. 57, and its supplements, act of March 28, 1870, P. L. 585, and act of April 6, 1870, P. L. 967. It was given by its charter power to construct sewers, but no express authority to assess the cost of the same on adjoining property was conferred. The provisions of certain sections of the act of May 23, 1874, P. L. 230, dividing the cities of the state into three classes, having been adopted by the council, pursuant to the provisions of § 16, act of April 11, 1876, P. L. 25, an ordinance was approved on May 23, 1886, providing for the construction of a sewer along North street, and for the assessment of the cost thereof upon adjoining owners. The sewer having been constructed, the sum of $61.50 was assessed against the property of Mary Dickson and Jane Dickson, and the same not being paid within the time provided by the ordinance, a municipal claim was filed therefor, and on January 14, 1887, a scire facias thereon was issued.

On February 16, 1888, the defendants in the claim obtained a rule to show cause why it should not be stricken off and the writ of scire facias quashed.

After argument, the court, HENDERSON, P. J., filed the following opinion:

The claim in this case was filed to charge the real estate of the defendants, fronting on North street, in the city of Meadville, with the proportionate cost of a sewer constructed along said street of said city.

The sewer was constructed under the provisions of §§ 47, 48, 49, of the act of May 23, 1874, and of the supplement of April 11, 1876, which sections had been adopted by the city of Meadville by ordinance No. 168, approved June 8, 1878, in accord-

ance with the provisions of the acts referred to, relating to the construction of sewers. There was no law applicable to the city of Meadville which authorized the charging of the cost of sewers constructed, against adjoining property. The defendants now ask that the lien filed be stricken off for the reason that § 16 of the act of April 11, 1876, authorizing the adoption by ordinance of a whole or part of the act of May 23, 1874, and its supplements, is unconstitutional, in that it is special legislation and therefore in violation of § 7, article III. of the constitution. The question raised was decided in Scranton City School Dist.'s App., 113 Pa. 176, and in Reading City v. Savage, 124 Pa. 328.

These cases hold that the provisions of the acts of 1874 and 1876, authorizing cities to adopt by ordinance the whole or a part of the provisions of said acts, are unconstitutional. It follows therefore that claims filed under provisions of these acts, so adopted, cannot stand. The case of Reading City v. Savage, supra, also decides that taxes charged under said acts are not validated by the provisions of § 2 of the act of May 24, 1887. It is therefore ordered that the lien filed in this case be stricken from the record and that all proceedings thereon be quashed.

The plaintiff then took this writ specifying that the court erred in the order striking off the lien and quashing the proceedings under the scire facias.

*Mr. Arthur L. Bates,* for the plaintiff in error :

1. By the ruling of this court in the case of Reading City v. Savage, 124 Pa. 328, the act of May 23, 1874, P. L. 230, is a general law, and is binding on cities theretofore incorporated which have by ordinance adopted its provisions, pursuant to § 57 of the act. It established one rule of municipal action for future cities, and allowed existing cities to conform to this rule of action. The legislature of 1876 went one step further, and allowed existing cities to conform, in part only, to this general rule of action. This tended toward uniformity and not diversity of action. No case has met the exact facts, but what is the objection to the provision? It simply says to existing cities of a class, " You may avail yourself of any or all

of the municipal powers and franchises herein granted, by enacting the proper ordinance." There is nothing negative or exclusive in the law.

2. But it is submitted that this lien may be sustained independent of the act of 1874. The city council was, by its local charter, act of April 6, 1870, P. L. 967, authorized to " survey, lay out, enact, ordain, and open such . . . . . common sewers, culverts, and drains, as they may deem necessary." A borough ordinance requiring a lot-owner to pay for paving and curbing opposite his lot, is reasonable and valid without special legislative authority: Greensburg Bor. v. Young, 53 Pa. 280.

3. The charter power to create the debt being granted, there can be no doubt as to the efficacy of the act of May 17, 1887, P. L. 118, to afford a remedy for its collection. This act was prior to the act dividing cities into seven classes, and Meadville was then a city of the fifth class, as defined by the act of April 11, 1876. A retrospective statute giving effect to pending claims for lien is constitutional: Bolton v. Johns, 5 Pa. 145; School Directors v. Reed, 2 Pears. 187; Supervisors v. Dennis, 96 Pa. 400; Schenley v. Commonwealth, 36 Pa. 56; Waters v. Bates, 44 Pa. 473; Hinckle v. Riffert, 6 Pa. 196; Lycoming Co. v. Union Co., 15 Pa. 166.

*Mr. Thomas Roddy* (with him *Mr. Geo. W. Haskins* and *Mr. John O. McClintock*), for the defendants in error:

1. The lien in this case must be sustained under the provisions of the act of April 11, 1876, or not at all. Under its charter, the city of Meadville had no authority to file a claim for lien such as in this case. Greensburg Bor. v. Young, 53 Pa. 280, is not in point. In that case it was not contended that there was any authority to file a lien, and all that was determined was, that under the power delegated to the borough, it had the right to levy a special tax and collect the same by action at law.

2. In Reading City v. Savage, 124 Pa. 328, this court overruled part of the former decision, Reading City v. Savage, 120 Pa. 198, and sustained the lien. Ayars's App., 122 Pa. 266, was thus supplemented, and the two cases doubtless give us what is to be the settled law on the subject of classification. The one declares the acts of 1876 and 1887 unconstitutional

and void, and "not to be sustained even in part;" the other is affirmative and declares the classification of the act of May 23, 1874, constitutional, and the option feature of § 57 of the act not special, but general, because it "tends to uniformity by permitting cities with different charters to surrender them and come under the uniform provisions of the act for cities of the third class." This applies to the city of Reading for the reason that prior to the passage of the act of 1876 it had accepted the provisions of the act of May 23, 1874, in accordance with the provisions of § 57 of that act, but it does not apply to Meadville or any other city that accepted only the provisions of § 16, act of April 11, 1876.

3. The tendency and necessary result of such legislation is diversity; local, not general legislation. The provisions of the act are numerous and might well lead to as many local governments as there are provisions, or different cities to adopt them. The two cities within the limits of Crawford county are to-day examples of this vicious legislation. The provision is, that cities of the third, fourth or fifth class may adopt. The classification of the act of 1876 having been declared void, there was no fourth or fifth class, or third class, such as that act contemplated, and Meadville never was a city of the third class. But it is contended by the defendants that even though § 16, act of April 11, 1876, should be held constitutional, there is no authority for this lien.

4. Reading City v. Savage, 120 Pa. 198, in affirming the court below, necessarily decided two questions raised in that case, to-wit, the unconstitutionality of § 57, act of May 23, 1874, and the unconstitutionality of the validating act of May 24, 1887, P. L. 204. The second case, Reading City v. Savage, 124 Pa. 328, reversed the former of these rulings, and left the latter ruling as it was first made. If the act of May 24, 1887, is unconstitutional, the act of May 17, 1887, P. L. 117, is also unconstitutional if it means what the plaintiff claimed in this case, in that it "authorizes the creation and extension of liens" in one city, or at most only a few cities, contrary to the prohibition of § 7, article III. of the constitution. It attempts to validate what is invalid, simply because done under the authority of acts declared unconstitutional because they were local legislation. The legislature cannot vali-

date what it cannot authorize in advance, or cure what does not exist: Cooley, Const. Lim., 381; Richards v. Rote, 68 Pa. 248; Menges v. Dentler, 33 Pa. 496; Halderman v. Young, 107 Pa. 324; Schenley v. Commonwealth, 36 Pa. 56. Meadville is not a city of either of the classes to which the act was intended to apply.

OPINION, MR. CHIEF JUSTICE PAXSON:

In City of Reading v. Savage, 124 Pa. 328, we decided that the fifty-seventh section of the act of May 23, 1874, P. L. 269, providing that any city of the third class may become subject to the provisions of said act, and that the mayor and councils of said city may effect the same by an ordinance thereof duly passed, is valid and constitutional, and is not obnoxious to the charge of being special or local legislation. We need not repeat the reasons there given for this ruling. The decision was made after mature consideration and a re-argument of the case.

We are now required to pass upon the sixteenth section of the act of April 11, 1876, P. L. 20, which amends the fifty-seventh section of the act of May 23, 1874, by providing that any city of the third, fourth or fifth class may become subject to the provisions of the act of 1874, or to any portion or portions of said provisions; "And the mayor and councils of such city may effect the same by an ordinance thereof, duly passed by a majority of the members elected to each branch thereof voting in favor of the same, which ordinance shall recite fully such provisions, or such portion or portions of such provisions, to which it is proposed to make such city subject," etc.

This claim was filed by the city of Meadville to charge the real estate of the defendants below with the proportional cost of a sewer constructed along North street in said city. The sewer was constructed under the provisions of §§ 47, 48, and 49 of the act of May 23, 1874, which sections were adopted by the city by ordinance of councils, in pursuance of the sixteenth section of the act of April 11, 1876. If the latter act is constitutional, the city has a valid lien for the construction of this sewer.

It was competent for the city, acting through its councils, to have become subject to all the provisions of the act of 1874,

by an ordinance duly passed. This much is settled by City of Reading v. Savage, supra. Relying, however, upon the validity of the act of 1876, councils accepted only a portion of the provisions of the act of 1874, and proceeded to construct its sewer and to file liens for the cost thereof against the owners of abutting property. We need not stop to discuss the question whether the acceptance of a portion only of the provisions of the act of 1874 would be sufficient to bring the case within the reasoning in City of Reading v. Savage, had such power been conferred by a valid act of the legislature. The act of 1876 was carefully considered in Ayars's App., 122 Pa. 266, and held to be unconstitutional. In speaking of this act, as well as the later act of May 24, 1887, P. L. 204, it was said by our brother STERRETT, in delivering the opinion of the court: "It has been suggested that such provisions of the classification acts as are not in harmony with the constitution, may be eliminated without destroying other provisions thereof; but that is no answer to the crowning vice of unnecessary and excessive classification which stands out in bold relief on the face of both acts, and of which nearly all their provisions are predicated. Those acts doubtless contain many wise and wholesome provisions, but they are so interwoven with and dependent on others that are unconstitutional and void, that neither of the acts of 1876 or 1887 can be sustained even in part."

An examination of the sixteenth section of the act of April 11, 1876, shows that it comes directly within the above remark of Justice STERRETT. If it stood alone as an independent section of the act of 1876, and unaffected by the vice of that act, it might be supported. In such case it would be our duty to consider the further question above suggested, whether an acceptance of a portion only of the act of 1874 would come within the ruling in City of Reading v. Savage. As the matter stands that question is not reached. We adhere to the ruling in Ayars's Appeal and under that decision this lien falls.

It was urged however, that the lien may be sustained without the aid of the act of 1874, and Borough of Greensburg v. Young, 53 Pa. 280, was cited to show that a borough ordinance requiring a lot owner to pay for paving and curbing opposite

his lot was valid and reasonable without special legislative authority. That case does not go to the extent of deciding that a lien may be filed without such authority. A lien is strictly the creature of statute, and without such authority it cannot be lawfully entered. Nor do we think the lien is helped by the act of May 17, 1887, the second section of which provides, inter alia, that "all taxes heretofore levied in any of the cities of the third, fourth, and fifth classes, in any one year, in amount not exceeding twenty mills on the dollar, and all assessments made in pursuance of the ordinances of such cities, are hereby made valid. Such taxes and assessments may be collected by action of debt, or proceedings by scire facias may be had to collect any liens filed therefor, in a manner similar to proceedings upon mechanics' claims."

It will be seen that this act legislates for cities of the third, fourth, and fifth classes. Under the decision in Ayars's Appeal there are no cities of the fourth and fifth classes. Hence we cannot say that the legislature would have passed the act with the cities of the fourth and fifth classes eliminated. It shows upon its face that it was intended to apply to the three classes. It is so interwoven with illegal classification that we cannot save any portion of it. This view renders it unnecessary to consider any further objections to this act.

Judgment affirmed.