## Ziba Van Loon, Appellant, *v.* Louis C. Engle and Maria Engle, his Wife, in right of said Wife.

[Marked to be reported.]

*Constitutional law — Local legislation — Classification of cities—Act of June 2, 1881—Constitution, art. 3, sec. 52.*

The act of June 2, 1881, P. L. 45, entitled "An act to make taxes assessed upon real estate a first lien, and to provide for the collection of such taxes, and a remedy for false returns," and excepting cities of the first, second and fourth classes, is unconstitutional, inasmuch as it violates art. 3, sec. 52, of the constitution, which provides that no local or special

law shall be passed "authorizing the creation, extension or impairing of liens;" "creating officers or prescribing the powers and duties of officers in counties, cities, boroughs, townships, election or school districts;" "regulating the affairs of counties, cities, townships, wards, boroughs or school districts."

. Classification has been upheld for municipal purposes only. Legislation for a class of cities is only general and valid under our constitution when it relates to some municipal purpose. If it does not affect the exercise of some municipal power, or the number, character, powers and duties of the municipal officers, or the regulation of some subject within the appropriate range of municipal control, the legislation is local and unconstitutional. Per WILLIAMS, J.

*Taxation—Tax sale—Collector's return.*

Where a tax act provides that the collector's return shall contain a statement " of each kind of tax so returned, the names of the parties assessed with the same, the year when such taxes were assessed, a sufficient description by boundaries or otherwise of each separate lot or tract and about the quantity of the same, and the township or borough in which it is located," a return which does not state the year when the taxes were assessed, nor give any description of the lot which it is sought to charge with their payment, is insufficient and will not support a tax sale.

Argued April 16, 1895. Appeal, No. 107 Jan. T., 1895, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1892, No. 76, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

. Ejectment for a vacant lot of land in the Second ward of the city of Wilkes-Barre. Before WOODWARD, J.

. The plaintiff in this case relied upon a tax title, and the sole contention was whether the description in the proceedings leading up to the sale was sufficient to identify the land. At the trial plaintiff offered the return of property for the year 1884, of J. W. Gilchrist, receiver of taxes for the city of Wilkes-Barre, signed J. W. Gilchrist, collector, 31st of December, 1884, and indorsed " Filed December 31st, 1884," page 3, " McGurk, J.; street, Washington; ward, 2; valuation, 62.; county, 37.; bridge, .03; county sinking fund, .06; state, 1.05; city sinking fund, .13; school, .81; building, 43; poor, 31." The certificate reads as follows: " I, J. W. Gilchrist, collector of Wilkes-Barre, Luzerne county, Pa., do hereby certify that the foregoing taxes were assessed on the dates above stated, on the real estate of the above named persons, for the year 188— and the owners have neglected and refused to pay the same."

Defendants objected for the reason that it appeared from the return that it was for the year "188–." Secondly, the return was under the act of 1881, and was not in accordance with the provisions of that act.

Plaintiff offered to show by the return that the certificate at the end of the return was a printed form; that in that printed form there were printed the figures "188–" for the year and that nothing was written after the figures 188.

The Court: On the 21st of February, 1880, J. McGurk bought of Messrs. Hand and Chase a town lot of land in the Second ward of the city of Wilkes-Barre, known as lot No. 66, on a map or plot referred to in the contract. The return of assessment of 1884, now offered in evidence and objected to, contains among other things the following: "McGurk, J., Washington, Ward 2." For the purposes of the present ruling it is stated and admitted that there is no other assessment of McGurk, J., shown by the return in question. This return now offered in evidence is objected to upon two grounds by the counsel for the defendants—first, because the certificate attached thereto is not properly dated—that the year for which the assessment in question was returned does not appear except by evidence furnished aliunde. Secondly, that the assessment and the advertisement of the property do not sufficiently describe the premises assessed and subsequently sold. We have considered both of these questions, and now say that under the act of 1881, entitled An act to make taxes assessed upon real estate the first lien and to provide for the collection of such taxes, etc., this return of assessment would be insufficient for the reason that that act requires the return shall contain a statement of the amount of each kind of tax returned, the names of the parties assessed with the same, the year when such taxes were assessed, a sufficient description by boundaries, or otherwise, of each separate lot or tract, and about the quantity of the same, etc. The description in this case clearly would not fulfill the requirements of the act of 1881, and would afford no basis for filing a lien upon property nor for an advertisement and sale thereof. Therefore in our judgment, under the act of 1881, this evidence could not be admitted. It is objected, however, that this act is unconstitutional. It has been so decided by the two eminent judges of the Dauphin

county district, as well as by the equally eminent Judge BAR-
KER of the Cambria district of this state. The Supreme
Court of the state have not yet expressed their opinion on
the subject, and we do not express any opinion either. But
we come now to a consideration of this offer, independently,
entirely, of the act of 1881. Prior to that act, sales of seated
lands for taxes were to be conducted as sales for taxes of
unseated lands in Pennsylvania—under the act of 1815 and
other acts. We therefore naturally look to the requirements
of the statute for the sale of unseated lands; and the law
on this subject was that these lands should be advertised in
their warrantee name, and that the number of acres either
of the tract itself, or the number of acres of the tract to be
sold as unseated, were to be stated in the advertisements.
Now, in our opinion, in the present case, there is no such de-
scription of the premises in question as would be required
in an advertisement for the sale of unseated lands—no such
description as would enable a purchaser to know what he was
buying—bidding on—at sale; nor is the evidence such as to
justify the theory that the ownership of the defendant was so
notorious and long continued as to amount to notice—identi-
fication of the property.

For these reasons, we do not think this evidence is compe-
tent—either in view of the act of 1881, or considered inde-
pendently of that act. The objection is therefore sustained,
the evidence excluded, exception by the plaintiff noted and bill
sealed. [1]

Plaintiff offered in evidence certified list of seated lands,
1881, commissioners to treasurer of Luzerne county, on page
150, Wilkes-Barre city, Second ward, under the title Kind of
Property, "Lot;" under the title Valuation, "62.;" under the
title Owner or the Reputed Owner, "McGurk, J.;" under the
title Description of Property, Adjoining Owners, etc., "Wash-
ington Street;" under the title Year, "1884;" under the title
Bridge ".03" . . . . Sales book, folio 127 : "Sold to Commis-
sioners, 1886." On page 181, the following certificate : "Lu-
zerne County ss. We, the Commissioners of the County of
Luzerne do hereby certify the foregoing to be a true and cor-
rect transcript of the County, School, Poor, Borough and spe-
cial taxes on the seated lands and lots in the said county, for

the years 1883 and 1884, as taken and made up from the return of the collectors of the various townships, boroughs and cities for the said years. Witness our hands at said Commissioners' office this 3d day of June, 1885, etc." Objected to on the ground that the collector's return on which this is founded, being defective, this certified list of the commissioners is not admissible.

The Court: We will take the testimony as a record.

Defendants' counsel except, and bill is sealed.

Plaintiff's counsel offered in evidence treasurer s sale of seated lands entitled 1884 to 1889, Luzerne county—page 127. Wilkes-Barre city, Second ward, 1886, sale, under the title Number of Acres, " Lot ; " under the title Warrantee Name, " McGurk, J. ; " under the title Year, "1884," under the title Bridge ".03," and various other taxes. June 21, 1886, sold to commissioners.

This offer was objected to for the reason that it was also one of the links in the chain of title in the tax sale ; that it did not conform to the collector's return nor to the certificate of the commissioners to the treasurer, and that in order to create a good tax title, these must all conform with each other.

Objection overruled, exception noted, and bill sealed for defendants.

Plaintiff offered in evidence seated lands bought by commissioners' sales 1891, Luzerne county, 1880–18  , pages 140 and 141. Wilkes-Barre, Second ward, 1886, " McGurk, J.," 2.10, $4; November 17, 1891, resold to Ziba Van Loon for $3.15.

Defendants objected to the last offer, for the same reason as before.

The Court: We will take it down.

12th of August, 1886, deed R. A. Whiteman, treasurer of Luzerne county, to commissioners of Luzerne county, for one lot of land situated in the Second ward of Wilkes-Barre city, county of Luzerne, assessed to J. McGurk, consideration $6.01, sold for unpaid taxes, acknowledged 18th August, 1886.

Objected to for the same reason as before.

Same ruling.

15th of January, 1892, commissioners of Luzerne county to Ziba Van Loon, lot in the Second ward of Wilkes-Barre city,

assessed in the name of J. McGurk, which was duly bid off by the commissioners, etc.

Same objection.

Same ruling.

Plaintiff offered in evidence the entire assessment of Wilkes-Barre city, Second ward, 1884, for the purpose of showing that in that year there was no other property assessed to McGurk, J., and no other assessment of any kind to McGurk, J., in that year.

Plaintiff rests.

Defendants' counsel moved the court to strike out all evidence relating to the admission of the certified list of seated lands, introduced by the plaintiff after the exclusion of the collectors' return, also the treasurer's sales book of seated lands, by which it was offered to show a purchase of this lot by the commissioners from the treasurer, also the sale by the commissioners to Van Loon ; also the deeds from the treasurer to the commissioners and from the commissioners to the plaintiff in this case.

The Court : This evidence was admitted by the court as a matter of record, in order to exhibit the whole case, the court saying at the time that they would control the effect of it when the evidence was all submitted. On fuller consideration we do not regard it as competent to show title in the plaintiff, because of the reasons given in our ruling on the admissibility of the return of property by the receiver of taxes, etc. The motion to strike out is now allowed, and this evidence is stricken from the record.

Exception noted by the plaintiff, and bill sealed. [2]

The court charged in part as follows :

This is an action of ejectment brought by Ziba Van Loon against Louis C. Engle and Maria Engle his wife to recover possession of a lot of land situate in the Second ward of this city. The title of the plaintiff as exhibited in the evidence rests for its validity upon the sale of this lot as seated land, under our statutes in such case made and provided. [Certain legal questions have arisen as to the admissibility of evidence which have made it the duty of the court to consider whether the return of this property for nonpayment of taxes was in proper form—whether there was sufficient description of the

land to support a sale for nonpayment of taxes and a conveyance under such sale, which would vest title. After considerable argument and examination of the authorities on the subject, we were forced to come to the conclusion that the plaintiff had not shown such a title as would entitle him to recover, and that being the case he cannot, in our judgment, have a verdict, but your verdict must be for the defendants.] [3]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3) portion of charge as above, quoting it ; (4) binding directions for defendants.

*R. D. Evans,* for appellant.—The act of 1881 offends against the prohibition of the constitution in article III. section 7, against local laws "authorizing the creation, extension or impairing of liens " or "regulating the affairs of counties, cities, townships, boroughs or school districts : " Wheeler v. Phila., 77 Pa. 338 ; Kilgore v. Magee, 85 Pa. 401 ; Snowden's App., 96 Pa. 422 ; McCarty v. Com., 110 Pa. 243 ; Morrison v. Bachert, 112 Pa. 322 ; Scranton School District's App., 113 Pa. 176 ; Scranton v. Silkman, 113 Pa. 191 ; Ayars' App., 122 Pa. 266 ; Meadville City v. Dickson, 129 Pa. 1 ; Com. v. Reynolds, 137 Pa. 389 ; Safe Deposit Co. v. Fricke, 152 Pa. 231 ; Weinman v. Ry. Co., 118 Pa. 192 ; Reeves v. Phila. Traction Co., 152 Pa. 153 ; Scranton v. Whyte, 148 Pa. 419 ; Davis v. Clark, 106 Pa. 377 ; Ruan Street, 132 Pa. 257 ; Wyoming Street, Pittsburg, 137 Pa. 494; Townsend v. Wilson, 7 Pa. C. C. 101 ; Miller v. Cunningham, 7 Pa. C. C. 500.

The assessment and other records must contain in themselves some element that identifies the subject of the assessment, and the test of identification is, whether the records lead the owner to the knowledge that it is his land which is to be sold. For this purpose, it has been held repeatedly that a name once connected with the land by some title is sufficient to know who were his predecessors in title : Phila. v. Miller, 49 Pa. 440 ; Lyman v. Phila., 56 Pa. 488 ; Glass v. Gilbert, 56 Pa. 266 ; Fisk v. Corey, 141 Pa. 334 ; Bachop v. Critchlow, 142 Pa. 518 ; Woodside v. Wilson, 32 Pa. 52 ; Williston v. Colkett, 9 Pa. 38 ; Putnam v. Tyler, 117 Pa. 570.

*Frank P. Prichard, Emmett D. Nichols and John G. Johnson* with him, for appellees.—It is argued that this act is unconstitutional because it excludes from its operation cities of the first, second and fourth classes. Be this as it may, there can be no doubt that the legislature adopted, in its requirements of a proper return, what had been previously stated by this court as requisite, and what had been accepted as requisite, under the universal practice.

The return of the tax receiver lacked every aid to identification. It was impossible to gather, either from this return, or from the advertisement of the sale, any such description as would put the persons interested in the property upon notice or warning: 25 Am. & Eng. Ency. of Law, 374; Ronkendorff v. Taylor, 4 Peters, 349; Vandermark v. Phillips, 116 Pa. 199; act of April 29, 1844, P. L. 501; act of 1804, P. L. 2; act of 1850, P. L. 190; act of 1815, P. L. 19; act of March 29, 1824, P. L. 60; City v. Miller, 49 Pa. 440; Glass v. Gilbert, 58 Pa. 266.

OPINION BY MR. JUSTICE WILLIAMS, October 7, 1895:

This is an action of ejectment in which the plaintiff's right to recover depends on the validity of the tax sale through which he acquired his title. The defendants hold the title under a regular chain of conveyances and are in possession as owners. They have a right to the verdict unless the title has been taken from them by virtue of the tax sale under which the plaintiff claims. This sale was made under the act of 1881, P. L. 45, and upon a collector's return of the lot in controversy for the nonpayment of taxes assessed upon it as seated land. Two questions are raised, viz: the constitutionality of the act of 1881, and the sufficiency of the return made by the collector. The act of 1881 purports to be a general law, and provides that "all taxes whether county, township, poor, school or municipal taxes" shall be a first lien on the real estate on which such taxes are assessed. It provides for the return of such lands upon nonpayment of the taxes and for their sale for the collection of the taxes unpaid. Cities of the first, second and fourth classes are excepted from its operations. Townships, boroughs and cities of the third class remain under its operations. We thus have one system for the collection of taxes,

and for creating liens in one class of cities, and a different system in the other classes. The difference does not relate only or mainly to municipal taxes. It affects all the taxes levied by all the taxing officers. The collection of a county tax is not a municipal purpose. The same thing may be said of school and poor taxes. Classification has been upheld for municipal purposes only. Legislation for a class of cities is only general and valid under our constitution, when it relates to some municipal purpose. If it does not affect the exercise of some municipal power, or the number, character, powers and duties of the municipal officers, or the regulation of some subject within the appropriate range of municipal control, the legislation is local and unconstitutional: Ruan Street, 132 Pa. 257; Ayars' Appeal, 122 Pa. 266: Meadville v. Dickson, 129 Pa. 1; In re Wyoming Street, 137 Pa. 494. The constitutional provisions involved in this inquiry are art. 3, sec. 57, which provides that no local or special law shall be passed " authorizing the creation, extension or impairing of liens ; " " creating offices or prescribing the powers and duties of officers in counties, cities, boroughs, townships, election or school districts ; " " regulating the affairs of counties, cities, townships, wards, boroughs or school districts." Under the provisions of the act of 1881 unpaid county, school, township, and poor taxes are collected in one way in the county of Philadelphia, and in a very different way in the other counties of the state. In the county of Allegheny the collection of unpaid county taxes falls under the act of 1881 so far as the townships, boroughs and cities of the third class are concerned. In the cities of Pittsburg and Allegheny they do not. Thus two different methods are in force within the limits of the same county for dealing with county, school, poor and municipal taxes.

This is so clearly in the face of the constitutional provisions referred to, and so destructive to that uniformity of procedure upon subjects of general interest which it is the object of the constitution to bring about and to preserve, that a simple statement of the necessary consequences of the enforcement of the act of 1881 renders an argument upon the constitutional question unnecessary.

But we concur with the learned trial judge upon the second question, viz : the sufficiency of the description of the lot sold in the collector's return. The description is as follows :

Owner, McGurk; street, Washington; ward, 2; Val. 62.; Co. tax .37; other taxes were carried out.

The act of 1881 requires that the return shall contain a statement " of each kind of tax so returned, the names of the parties assessed with the same, the year when such taxes were assessed, a sufficient description by boundaries or otherwise of each separate lot or tract and about the quantity of the same and the township or borough in which it is located, that the person making such return has a warrant for the collection of such taxes, and the date thereof, and that after a proper effort at the proper time he could not find sufficient personal property, by the legal sale of which, such taxes or any portion thereof could have been collected." The return does not state the year when the taxes were assessed nor does it give any description of the lot which it is sought to charge with their payment. It is said in reply to this position that unseated land is sufficiently described by giving the number of the part and the name of the warrantee, and may be sold without other effort to describe the land. But the number and name of the person to whom the warrant issues are matter of record, and as there can be no actual occupancy of unseated land the records afford the only means for investigating the ownership. But a sale of unseated land made in the name of a warrantee who was not such in fact, and whose name was in no way connected with the recorded title, would not ordinarily pass the title. So in this case. The name of McGurk afforded no help in locating the lot to be sold for he was in no way connected with the recorded title. He was not in possession, and as we understand the evidence he had at no time been in the actual, visible occupancy of the lot. Any lot on Washington street, in the Second ward, might be intended, so far as anything in the description would enable an intending purchaser to judge, or a lot owner to ascertain. If therefore the act of 1881 had been unobjectionable the collector did not follow its provisions, and his return was insufficient to authorize the sale of the lot for unpaid taxes. The assignments of error are overruled and judgment appealed from is now affirmed.