## Dr. James Taylor v. William A. Bowling and Amelia Bowling. Appeal of A. B. Theurer.

*Taxes—Statutes—Act of* 1895 *creates no lien.*

The Act of May 22, 1895, P. L. 111 providing for the payment of taxes which are liens on land sold under execution out of the proceeds, and the divestiture of the lien does not operate to create a lien not before existing, nor can it apply to taxes not indicated by its title.

The title contains nothing looking to the payment of taxes which are not liens, and its provisions cannot be extended beyond the scope of its expressed purpose.

Argued April 19, 1897. Appeal, No. 78, April T., 1897, by A. B. Theurer, Collector of Taxes, from judgment of C. P. Westmoreland Co., May T., 1896, No. 10. . Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to schedule of distribution.   Before DOTY, P. J.

It appears from the record that on March 21, 1896, the sheriff sold two certain tracts of land, the property of Wm. A. Bowling and Amelia Bowling, for the sum of $1,625. Previous to the date of sale, notice was given to the sheriff requiring him to pay the taxes assessed against the property sold, amounting to $22.58, out of the proceeds of the sale, according to the Act of May 22, 1895, P. L. 111.

In preparing the schedule of distribution the sheriff distributed the sum of $22.58 to the taxes, as given in the notice, to which attorneys for Dilworth Bros., who were judgment creditors, filed exceptions.

The court sustained the exceptions and directed the sum of $22.58 to be applied to the judgment of Dilworth Bros.   A. B. Theurer, collector of taxes of the borough of Greensburg, appealed.

*Error assigned* was order of the court sustaining the exceptions to the sheriff's schedule of distribution, and in directing that the amount of $22.58 applied therein to Theurer, collector of. taxes, be applied to the judgment of Dilworth Bros.

*Jno. E. Kunkle*, with him *John B. Keenan* and *Edward E. Robbins*, for appellant.—The Act of May 22, 1895, P. L. 111, reduces the collection to a system, and makes it the duty of the officers to give notice of such taxes, and directs that the same be paid out of the proceeds of the sale of the property upon which such taxes are assessed.

Taxes are liens upon real estate only when so provided by statute. The lien does not rise by implication from the mere power to tax: Burd v. Ramsay, 9 S. & R. 108; 25 Am. & Eng. Ency. of Law, 267; 3 Trickett's Law of Liens, 440.

While the act of 1895 does not say in as many words, that taxes shall be a lien on real estate, yet by implication it nec-

essarily follows to give effect to the statute: Burd v. Ramsey, 9 S. & R. 108.

The only way to give effect to the act under consideration, is to hold that it was meant to create a prior lien for taxes, and that view of the legislative thought seems to be fully sustained by the whole context of the statute: Snyder v. Mogart, 5 Dist. Reports, 146.

*Albert H. Bell*, with him *G. Dallas Albert*, for appellee:— Burd v. Ramsay, 9 S. & R. 108, decides that taxes against seated lands are not a lien thereon in the absence of a statute declaring them to be such, but merely a personal charge against the owner or occupant of the premises. The same doctrine is recognized in Lumber Co. v. Wells, 157 Pa. 5.

No lien is created by the act of 1895: United Security Co. v. Dougherty, 5 Dist. Rep. 521.

The act must be construed as an entire statute and not in disjointed parts: Small v. Small, 129 Pa. 366.

OPINION BY SMITH, J., July 23, 1897:

The appellant, a collector of taxes for the borough of Greensburg, was charged in his tax duplicate with certain taxes assessed against the real estate of the defendants. The sheriff levied on the land at the suit of execution creditors, and the appellant, giving notice of his demand as provided by section 2 of the Act of May 22, 1895, P. L. 111, claimed the amount of the taxes out of the proceeds of the sheriff's sale.

It is conceded that there is no local or special law making taxes on real estate a prior lien in the borough of Greensburg; and the Act of June 2, 1881, P. L. 45, by which it was attempted to make all taxes a first lien on real estate throughout the commonwealth, except in cities of the first, second and fourth classes, has been declared unconstitutional by the Supreme Court: Van Loon v. Engle, 171 Pa. 157. It is contended however, that the act of 1895, above referred to, creates such a lien by implication. This act is entitled "An act providing for the divestiture of liens of taxes levied or assessed against lands sold at judicial sales, and for the payment of the same out of the proceeds of such sales." The title indicates the very opposite of the creation of liens, and an examination of the body of the stat-

ute shows unquestionably that all its provisions are clearly within the scope and purpose expressed in the title. The act provides for the extinguishment of tax liens, but it does not attempt or pretend to create them.

The argument that the act may be regarded as recognizing two classes of taxes, namely, those secured by liens and those not so secured, and applying disjunctively to both, cannot be sustained. The act must be viewed in the light of its title. The portion of the title providing for the payment of the tax relates only to taxes which are liens on the land sold; the lien of such taxes is to be divested and "the same" are to be paid out of the proceeds. An act merely providing for the divestiture of a lien and payment of a tax must operate on such taxes; it cannot operate to create a lien not before existing, nor to apply to taxes not indicated by its title. The title of the act under consideration contains nothing looking to the payment of taxes which are not liens, and its provisions cannot be extended beyond the scope of its expressed purpose. As there was no law making the taxes claimed by the appellant a lien upon the defendant's real estate, it follows that there was nothing to which the provisions of the act of 1895 could apply.

The judgment is affirmed.