## Canole v. Allen, Appellant.

*Tax sale—Deeds—Description—Duty of purchaser at tax sale.*

A purchaser at a tax sale by commissioners must show the several jurisdictional steps necessary to vest the title in the commissioners, the public sale by the commissioners to himself, and the execution and delivery of the deeds by the several officers.

In an action of ejectment where the defendant claims title by reason of a tax sale, the defense must fail, where there is nothing in the return of the sale, or in the deeds from the commissioners offered by the defendant, to identify the land in controversy as having been sold for taxes.

After a tax sale a deed to the commissioners is absolutely necessary to vest the title in the county, and such deed must be acknowledged before a justice of the peace.

Argued Jan. 11, 1905. Appeal, No. 39, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 119, on verdict for plaintiff in case of John F. Canole v. Jennie A. Allen, J. E. Rosengrant and Otto Devens. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for land in Lake township. Before LYNCH, P. J. The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*M. J. Mulhall,* with him *D. O. Coughlin,* for appellant.

*James L. Lenahan,* for appellee.

OPINION BY ORLADY, J., July 13, 1905:

The common source of title to the land in dispute was in John C. Kitchen, who, on September 17, 1887, by deed duly recorded February 4, 1888, sold the land to John F. Canole. The defendant claims title by reason of a tax sale of the land, which title finally became vested in her. On the trial of this ejectment the court gave binding instructions to find for the plaintiff and the defendant brings this appeal.

The defense made to the plaintiff's title failed for two reasons, which are manifest in the evidence received, as well as in the offers of evidence which were excluded by the court, and this independently of the Act of June 2, 1881, P. L. 45, which was held to be unconstitutional in Van Loon v. Engle, 171 Pa. 157. The return of the taxes are too uncertain and indefinite to show that there was any return of taxes against John F. Canole; the name used in the records offered being "Carroll" and "Canoll," and the description returned of the land, applied either exclusively to land assessed in name of J. C. Devers or at least equally with that owned by Canole, and there was no evidence that Carroll or Canoll ever laid claim to the land, or ever lived upon it, or that either of these names had in any way been connected with its title: Vandemark v. Phillips, 116 Pa. 199. And moreover in McClements' Appeal, 2 Pa. Superior Ct. 443, (458) the necessity for the identification of the property is so clearly demonstrated that it is not necessary to repeat the argument.

Neither the defendant's offer of the treasurer's docket of sales of seated land, for the years 1890–1892–1894, showing the sale of lands of John Carroll, with the concluding entry, 'July 17, sold to Commissioners and deed made," nor any deed to the commissioners contains a description of any land to lead to an identification of the land in dispute. The deed

of the treasurer to the county commissioners was not offered in evidence. Such a deed is absolutely necessary to vest the title in the county: Hoffman v. Bell, 61 Pa. 444.

The statute requires that a treasurer's deed for land sold to individuals be acknowledged in open court of common pleas, and such deed is not valid to pass the title without acknowledgment in open court, and a record of the same made as required by the statute, act of April 3, 1804, 4 Sm. L. 201: Lee v. Newland, 164 Pa. 360. Deeds for land sold to the county are required to be acknowledged before a justice of the peace : Act of March 13, 1815; 6 Sm. L. 299 ; Goodman v. Sanger, 91 Pa. 71. A treasurer's deed is absolutely void unless his power to make it is affirmatively shown : Miller v. McCullough, 104 Pa. 624; Kean v. Kinnear, 171 Pa. 639.

The defendant having failed, in her proof, to show a proper assessment and description of the land sufficient to lead to its identification, and the vesting of the title to the land in the county commissioners the instruction given to the jury was proper. The error complained of in the fourth assignment of error is not material as the case did not reach the point where it was important to consider the question of the right to recover for improvements made upon the land.

- A purchaser is bound, at his peril, to look at the proper record to learn if his title is clear. The records of tax titles will be found in the offices of the county commissioners and the treasurer; and there he will ascertain the various steps in the title, and such defects as may appear on the record. If in the examination of the assessment and return by the proper officers, or a return of the taxes against a wrong person, or after the time required by law, or payment of a tax before the sale, or the like, the purchaser is not a bona fide purchaser, and will not be allowed compensation for improvements on a failure of his title by reason of such defect : Walker v. Quigg, 6 Watts, 87. A purchaser at a tax sale by the commissioners must show the several jurisdictional steps necessary to vest the title in the commissioners, the public sale by the commissioners to himself, and the execution and delivery of the deeds by the several officers : McReynolds v. Longenberger, 57 Pa. 13 ; Coxe v. Deringer, 78 Pa. 271.

The judgment is affirmed.