## McNutt, County Treasurer, v. Somerset County

*Clarence L. Shaver*, for plaintiff; *Kooser, Kooser & Courtney*, for defendants.

BOOSE, P. J., December 21, 1931.—This is an amicable action in assumpsit instituted by an agreement between the parties entered to the above-stated number and term; and the parties have further agreed to dispense with a trial by jury and submit the case for the opinion and decision of the court, upon a case stated, in accordance with the provisions of the Act of April 22, 1874, P. L. 109. From the facts agreed upon, the court makes the following

### Findings of fact.

First. Walter E. McNutt is the duly qualified, elected and acting treasurer in and for the County of Somerset, Pennsylvania, he having entered upon his term of office the first Monday of January, 1928, and his term of office expiring on the first Monday of January, 1932.

Second. Walter E. McNutt, as Treasurer of Somerset County, advertised a notice of sales of seated lands in Somerset County, Pennsylvania, under the provisions of the act of assembly of the said Commonwealth of May 29, 1931, P. L. 280, to take place on Monday, August 3, 1931, in the assembly room of the courthouse at Somerset, Pa., at 10 o'clock A. M.

Third. The said Walter E. McNutt, Treasurer of Somerset County, did hold the sale of seated lands as so advertised by him on Monday, August 3, 1931, at the time and place as advertised by him and as provided by the said Act of Assembly of May 29, 1931, P. L. 280.

Fourth. At the said sale so held by the said Walter E. McNutt, as Treasurer of Somerset County, the County Commissioners of Somerset County, defendants above named, did, in compliance with the requirements of section ten of the said Act of Assembly of May 29, 1931, purchase a large number of tracts of seated lands so advertised to be sold and sold by the treasurer aforesaid.

Fifth. The said Walter E. McNutt, treasurer as aforesaid, made and signed certain deeds to the Commissioners of Somerset County for the lands purchased by the county commissioners at the tax sale held by him August 3, 1931.

Sixth. The said Walter E. McNutt acknowledged 150 of the said deeds so made to the county commissioners by him before M. R. Leckemby, a justice of the peace of the Borough of Meyersdale, Pa., for which the said M. R. Leckemby has rendered a bill to the said Walter E. McNutt, County Treasurer, in the sum of $75; and the said Walter E. McNutt likewise acknowledged 150 of the said deeds before James D. Patton, a justice of the peace of the Borough of Windber, Pa., for which services the said James D. Patton has submitted a bill to the said Walter E. McNutt as county treasurer in the sum of $75.

Seventh. The said Walter E. McNutt, treasurer as aforesaid, has presented the bills of the said M. R. Leckemby and of the said James D. Patton to the County Commissioners of Somerset County for approval and payment in the aforesaid sums of $75 each, and the county commissioners have refused approval and payment thereof.

Under the foregoing facts, the following question is submitted for determination: Whether the County of Somerset is liable to Walter E. McNutt, as Treasurer of Somerset County, for the aforesaid bills and claim by M. R. Leckemby and James D. Patton for acknowledgment of treasurer's deeds made by the Treasurer of Somerset County to the Commissioners of Somerset County.

## Discussion

Preliminary to the consideration and determination of the question suggested, two other questions are presented:

1. After a tax sale by the county treasurer to the county commissioners, is a deed necessary to vest the title in the county?

2. Before what officer is such deed required to be acknowledged?

The Act of April 3, 1804, P. L. 517, 4 Sm. Laws 201, as amended and supplemented by the Act of March 13, 1815, P. L. 177, 6 Sm. Laws 299, Sec. 5, expressly provides that when unseated lands are sold by the treasurer to the commissioners, "a deed shall thereupon be made by the treasurer to the commissioners for the time being, and to their successors in office, to and for the use of the proper county." So much of the Act of 1804 as is not altered or supplied by subsequent legislation is yet in force: Ryan v. Bruhin, 88 Pa. Superior Ct. 61. Such a deed is absolutely necessary to vest the title in the county: Hoffman et al. v. Bell, 61 Pa. 444; Canole v. Allen, 28 Pa. Superior Ct. 244.

The Act of March 13, 1815, also prescribes the form of the deed to be executed by the treasurer to the commissioners and requires that such deed shall be acknowledged before a justice of the peace.

"The acknowledgment of a treasurer's deed to the county commissioners is before a justice of the peace. The grantees are public officers who make a minute of their purchase and subsequent proceedings respecting the land, which may be redeemed by the owner, and if so, the deed shall be given to him. Perhaps in this may be found a reason for dispensing with acknowledgments in open court:" Goodman v. Sanger, 91 Pa. 71, 76.

"The statute requires that a treasurer's deed for land sold to individuals be acknowledged in open court of common pleas, and such deed is not valid to pass the title without acknowledgment in open court, and a record of the same made as required by the statute, Act of April 3, 1804, 4 Sm. Laws 201: Lee v. Newland, 164 Pa. 360. Deeds for land sold to the county are required to be acknowledged before a justice of the peace: Act of March 13, 1815, 6 Sm. Laws 299; Goodman v. Sanger, 91 Pa. 71:" Canole v. Allen, 28 Pa. Superior Ct. 244.

It is true, as contended by counsel for the defendant, that the Act of March 13, 1815, relates to the sale of unseated lands for taxes, while the deeds in question are for seated lands. Prior to the Act of April 29, 1844, P. L. 486, no authority existed for the sale of seated lands for taxes. Since that act seated lands are liable to be returned and sold in satisfaction of taxes assessed against the owner, in the same manner as unseated lands are sold: Brundred v. Egbert et al., 158 Pa. 552. The Acts of June 3, 1885, P. L. 71, and July 8, 1885, P. L. 268, have practically abolished the distinction between the sale of seated and unseated lands: Brew v. Sharer, 42 Pa. Superior Ct. 89.

Section ten of the Act of May 29, 1931, which took effect immediately upon its passage and approval, provides, inter alia, that "any such property, for

which an amount sufficient to pay taxes, interest and costs is not bid, shall be purchased by the county commissioners." It further provides that the provisions of said act, in so far as they are the same as those of any act repealed by this act or of any existing act, shall be construed as a continuation of such laws and not as new enactments. It will, therefore, be observed that the Act of March 13, 1815, requiring a deed from the treasurer to the commissioners, acknowledged before a justice of the peace, has not been repealed, altered or changed. Section eight of the Act of 1931 expressly provides that the treasurer shall be entitled to a fee of fifty cents for acknowledging every deed, to be taxed as part of the costs of the proceedings for the sale of such lands for taxes. In the first instance, the county is liable for the payment of these costs, but is entitled to be reimbursed upon redemption of the lands, or, in case of sale, by the county commissioners.

## Conclusions of law

1. A deed from the treasurer to the commissioners for lands purchased by the latter is absolutely necessary to vest title in the county.

2. Such deed is required to be acknowledged before a justice of the peace, and not in open court of common pleas.

3. The treasurer is entitled to a fee of fifty cents for acknowledging every deed for land sold, to be taxed as part of the costs of sale, and the county is liable in the first instance for the payment of such costs.

4. The plaintiff is entitled to judgment against the defendant for the amount of the bills in question in this case.

5. The defendant is liable for the payment of the costs incurred in this action.

## Decree

And now, December 21, 1931, it is ordered, adjudged and decreed that judgment shall be entered in favor of the plaintiff, Walter E. McNutt, treasurer, and against the defendant, County of Somerset, for the sum of $150, unless exceptions are filed within thirty days; and the prothonotary is directed to give notice forthwith of the entry of this decree to the parties or their attorneys of record.

## Supplemental opinion sur exceptions

BOOSE, P. J., April 25, 1932.—This action was submitted to the court upon a case stated to determine the liability of the county for the payment of fees paid by the plaintiff to justices of the peace for acknowledgment of deeds for lands purchased by the county at treasurer's sales of lands for nonpayment of taxes. The facts are not in dispute; and all that the court was asked to do was to apply the law applicable to the admitted facts to determine the liability of the county to the plaintiff for the payment of these acknowledgment fees.

The case is again before us upon exceptions to the court's conclusions of law and decree. After listening to the oral arguments of counsel for both plaintiff and defendant, and reëxamination of the authorities submitted at the previous argument, we are not convinced that error was committed in our previous conclusions or in the decree, both of which have been made the subject of these exceptions. It could serve no useful purpose to again go back and review and analyze all the decisions, under the various acts of assembly, which led us to our previous conclusion. Suffice it to say, that we entirely agree with the contention of counsel for the defendant, that there is no reason, in our opinion, why this seemingly arbitrary distinction should exist between the acknowledgment for deeds for lands sold to individuals (required to be acknowledged in open court) and deeds for lands sold to the county commissioners (required to be acknowledged before a justice of the peace). But this difference seems to be so

deeply rooted, both by statute and court decisions, in our law, that it is not for the courts, at least not a court of subordinate jurisdiction, to change or correct the existing law. This change, if it is to be brought about, should be by act of the legislature and not by court decision. It is our plain duty to follow the law as declared until changed or altered by higher authority.

### Decree

And now, April 25, 1932, the exceptions to the court's conclusions of law and decree are dismissed.                    From Mrs. Daryle R. Heckman, Somerset, Pa.