THE STATE, OVERSEER OF THE POOR OF THE TOWNSHIP OF SOUTH BRUNSWICK, PROSECUTOR, v. OVERSEER OF THE POOR OF THE TOWNSHIP OF CRANBURY.

Practice, when there is an allegation of diminution in return to a writ of *certiorari.*

---

On *certiorari* in case of Georgianna Mackentire.

Argued at November Term, 1889, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the rule, *John S. Voorhees.*

*Contra, A. V. Schenck.*

The opinion of the court was delivered by

VAN SYCKEL, J. At the November Term, 1888, of this court, the prosecutor obtained a rule that the Middlesex Sessions certify to this court " the facts in the matter of the order

of removal of Georgianna Mackentire, as found by them at the trial thereof."

The Court of Sessions made return to said rule August 21st, 1889, which return was duly filed.

At the November Term, 1889, of this court, the prosecutor applied for a rule directing the Court of Sessions to amend their return of facts, by returning to this court :

*First.* A copy of the order of removal offered in evidence in the Sessions by the defendant in *certiorari* and referred to in the said return.

*Second.* A copy of the written notice, also referred to in the said return.

*Third.* A full statement of the evidence by which said order was proved before them ; also a full statement of the evidence touching the service of said order upon the overseer of the poor of the township of Bordentown, of the failure of said township to appeal therefrom.

*Fourth.* A full statement of the evidence by which the written notice aforesaid was proved before them.

On *certiorari* this court will not review the decision of the court below on questions of fact. If there is legal evidence before the court below upon which the judgment certified might be based, this court will not reverse because the evidence would lead it to a different conclusion. *Brown* v. *Ramsey*, 5 *Dutcher* 117 ; *Jeffrey* v. *Owen*, 12 *Vroom* 260.

Neither the act of April 6th, 1871 (*Pamph. L., p.* 124), nor the act of February 7th, 1881 (*Rev. Sup., p.* 84), authorizing this court on *certiorari* to determine disputed questions of fact, applies to judgments in the court of small causes, Common Pleas or Quarter Sessions. Those acts relate only to the extraordinary proceedings of special tribunals outside of regular suits at law. *Croft* v. *Smith*, 6 *Vroom* 302 ; *Tewksbury* v. *Branchburg*, 15 *Id.* 595.

The practice in this court to secure a complete return to a writ of *certiorari*, on suggestion of diminution, is stated by Chief Justice Kirkpatrick in *Sockwell* v. *Bateman*, 1 *South.*

365, and is found embodied in Rules 52 and 53 of the Supreme Court. *Corbin's Rules, p.* 60.

This rule was relaxed in a number of cases, by permitting affidavits to be taken to show what passed in the presence of the justice before he was called upon to certify. See *Goldsmith* v. *Bane,* 3 *Halst.* 87; *Smith* v. *Opdyke,* 7 *Id.* 85; *Anonymous,* 1 *Harr.* 355; *Townly* v. *Ruton, Spenc.* 604.

But Chief Justice Green subsequently, in *Scott* v. *Beatty,* 3 *Zab.* 259, formulated the true rule, as follows. He says:

"The ground assigned for reversal is, that the judgment of the Common Pleas was illegal, upon the facts in evidence before that court. What those facts were, was the matter to be shown before the Circuit Court. No state of the case is agreed upon or settled by the court below; no rule is taken upon that court to certify what the facts were; but the plaintiff, in the first instance, resorts to affidavits to prove what evidence was offered on the trial of the appeal. This is a violation not only of the long settled practice of this court, but of the most obvious dictates of reason and propriety. If no state of the case be agreed upon, the proper practice is, in the first instance, to call upon the court to return what the facts were. Their return is conclusive. In *Prall* v. *Waldron,* 1 *Pen.* 145, it is said the court would not endorse the practice of contradicting the return of the justice, even of matters *in pais* not required to be in his docket. If the court below fail to make a return of the facts, then, from the necessity of the case, and then only, can resort be had to affidavits. That the evidence was taken under a rule of the Circuit Court does not alter the case. A rule to take affidavits authorizes the taking only of legal and competent evidence. The rule, moreover, is improvidently entered. It does not specify the purpose for which the affidavits are to be taken."

That the chief justice, by the expression "a return of the facts," meant the facts as found by the court below, and not the evidence upon which such finding was based, is apparent from the case of *Roston* v. *Morris,* reported in 1 *Dutcher* 173. There a rule was taken upon the Common Pleas to certify in

regard to certain matters specified, and in case the judges should be unable to certify, the plaintiff should have leave to take affidavits. The court was unable to certify, and affidavits were taken under the rule. On the hearing in this court these affidavits were rejected, the court saying :

"The order to take affidavits, as entered, does not conform to the fifty-third rule of this court, which, although not in terms, in its spirit applies to *certioraris* in appeal cases, and was improvidently granted. By that rule, the matter to be supplied by affidavits is required to be particularly set forth. This does not mean that affidavits may be taken to show what the evidence was on particular points, but that it may thus be shown, whether some particular admission was or was not made, or some particular fact was proved or was not proved, or some particular decision made by the court. It is not the province of this court, upon a *certiorari,* to decide upon the weight of evidence, and the evidence ought not ordinarily to be brought before it. The practice to do this was precisely what was meant to be prohibited by the rule."

*Parsell* v. *State,* 1 *Vroom* 530, is a road case, in which the proceedings before the Somerset Pleas were certified into this court for review. This court declared the rule to take affidavits to have been improvidently entered, because it did not specify the purposes for which the affidavits were to be taken, and also because it was entered before any rule was taken upon the Common Pleas to certify.

The later case of *Waterman* v. *Horan,* 17 *Vroom* 465, is to the like effect.

The rules of correct practice, to be drawn from the cases adjudicated in this court, are as follows :

1. If there is legal evidence before the court below upon which the judgment certified may be based, this court will not reverse because the evidence would lead it to a different conclusion.

2. The acts of 1871 (*Pamph. L., p.* 124) and 1881 (*Rev. Sup., p.* 84) apply to special statutory tribunals only.

3. Upon allegation of diminution in return to a *certiorari,*

where a state of, the case is not agreed upon, a rule must be taken upon the court below to certify what facts were found, and not what the evidence was. The rule must be specific, stating the points in regard to which a return is desired.

4. If the court below certifies such facts, the certificate cannot be contradicted by affidavits.

5. If the court is unable to make a certificate, then and then only can a resort be had to affidavits, and in that case the rule to take affidavits must specify the particulars in regard to which affidavits are to be taken—the affidavits to be taken only to present the question of law to be reviewed.

6. The only purposes for which such affidavits can be used, are to show that there was no evidence upon which the judgment below could be based, or that legal evidence was excluded, or illegal evidence admitted, or some other error in law committed.

7. When the relator relies upon the ground that there was no legal evidence to support the judgment certified, the court below must be called upon to certify what the judgment was, and what evidence, if any, there was to support it. Only so much of the evidence must be produced as relates to the point in controversy.

The rule in relation to judgments in the District Court is correctly stated in *Benedict* v. *Howell*, 10 *Vroom* 221.

From these conclusions, it is apparent that the rule, as now applied for by the plaintiff in *certiorari*, is unauthorized, and that it cannot be granted.