THE STATE, WILLIAM McADAM, PROSECUTOR, v.
DAVID BLOCK.

Submitted March 20, 1899—Decided June 12, 1899.

On *certiorari* to review a decision of the Circuit Court refusing to quash a writ of attachment, the proper practice is to confine the review to errors of law and not to determine disputed questions of fact.

---

On *certiorari* to review a decision of the Circuit Court of the county of Hudson, refusing to quash a writ of attachment.

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *James A. Gordon.*

For the defendant, *Marshall W. Van Winkle.*

The opinion of the court was delivered by

GUMMERE, J. This *certiorari* was allowed for the purpose of reviewing the action of the Hudson Circuit Court denying an application to quash a writ of attachment.

The application was made on the return of the writ, and was based upon the ground that the plaintiff's affidavit of the non-residence of the defendant was untrue in fact, and that the defendant was a resident of this state. A rule to show

cause was thereupon allowed and testimony taken on both sides. On the hearing, the application to quash was refused and the rule to show cause discharged.

That such judicial action is reviewable, before final judgment, by proceedings in *certiorari*, is decided in this state by a long line of cases. The question how far this court will go in reviewing the facts upon which the court below acted, appears, however, to be in a somewhat unsettled condition.

In *City Bank* v. *Merrit*, 1 *Gr.* 131; *Walker* v. *Anderson*, 3 *Harr.* 217; *Leonard* v̄. *Stout*, 7 *Vroom* 370; *S. C. on error*, 8 *Id.* 492; *Baldwin* v. *Flagg*, 14 *Id.* 495, and *Anspach* v. *Spring Lake*, 29 *Id.* 136, the testimony taken in support of the application to quash, and that taken in opposition thereto, was returned to this court with the writ of *certiorari*, and was considered and weighed by this court and the facts deducible therefrom determined.

In the case of *Bisbee* v. *Bowden*, 26 *Vroom* 69, the court to which the *certiorari* was directed certified to this court the facts found by it on the hearing of the motion to quash. In *Stafford* v. *Mills*, 28 *Id.* 570, the court below certified to this court that "it was not clear as to all the facts found by it" on the hearing of the motion to quash, and this court thereupon directed the taking of affidavits "*of the facts upon which the determination of the lower court was made.*"

The eighteenth section of the *Certiorari* act (*Gen. Stat., p.* 370), which authorizes this court to determine disputed questions of fact, only relates to the extraordinary proceedings of special statutory tribunals outside of regular suits at law. *South Brunswick* v. *Cranbury*, 23 *Vroom* 298. It has no application to cases like the present.

A writ of *certiorari*, when sued out to review the decision of an inferior tribunal, is in the nature of a writ of error, and therefore the ordinary rule, in cases not within the statute referred to, is that the review will be confined to errors of law; that this court will not consider the weight to be given to testimony, nor the conclusions of fact to be drawn from it, and that, where there was legal evidence before the court

below, upon which its findings of fact may be supported, we will not reverse its determination. *Independence* v. *Pompton,* 4 *Hal.* 209; *Farley* v. *McIntire,* 1 *Gr.* 190; *Executors of Van Pelt* v. *Veghte,* 2 *Id.* 207; *Scott* v. *Beatty,* 3 *Zab.* 256; *Wood* v. *Fithian,* 4 *Id.* 33; *Brown* v. *Ramsay,* 5 *Dutcher* 117; *Wilson* v. *City of Hudson,* 3 *Vroom* 365; *Beach* v. *Mullin,* 5 *Id.* 343; *Wolcott* v. *Mount,* 7 *Id.* 262; *Jeffrey* v. *Owen,* 12 *Id.* 260; *Lush* v. *Foster,* 15 *Id.* 378; *Wahrman* v. *Horan,* 17 *Id.* 465; *South Brunswick* v. *Cranbury,* 23 *Id.* 298; *Roehers* v. *Remhoff,* 26 *Id.* 475; *Monitor Lodge* v. *Goldy,* 29 *Id.* 119; *Shangnuole* v. *Ohl, Id.* 557.

The reasons underlying this doctrine are as cogent in a case like that now before us as they are in the various cases to which this court has heretofore applied it, and the practice followed in Bisbee *v.* Bowden and Stafford *v.* Mills is the correct one. But, as the practice has been heretofore unsettled, and as the parties have followed the course adopted in City Bank *v.* Merritt and the other cases herein cited with it, we have examined the testimony returned with the *certiorari,* and have reached the conclusion that the domicile of the prosecutor was in the city of New York, and that he had no residence or place of abode within this state at which a summons might lawfully be served. The decision of the Circuit Court was therefore justified by the proofs.

The rule under review should be affirmed, with costs.