NEW YORK AND NEW JERSEY TELEPHONE COMPANY, DEFENDANT IN CERTIORARI, v. PATRICK CONNELLY, PLAINTIFF IN CERTIORARI.

Submitted November 24, 1902—Decided February 24, 1903.

1. This court will not review the decisions of District Courts upon questions of fact. It can only look to see if there is any legal evidence upon which the judgment might be based.
2. In the present case the evidence was held sufficient, under this rule, to support the finding and judgment of the court below.

---

On *certiorari* to the First District Court of Jersey City.

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Randolph Perkins.*

For the defendant in *certiorari, Corbin & Corbin.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in *certiorari* has brought up for review the judgment of the First District Court of the city of Jersey City, recovered against him by the defendant company for damages by the cutting of its subway cable at the junction of Grand street and Pacific avenue, in that city.

The plaintiff and one Van Keuren were engaged, with about sixty men in their employ, laying, along Grand street, a six-foot sewer, and the allegation is that, on or about August 6th, 1901, while digging out the sewer trench, some of the men thus employed, by means of picks with which they were working, cut through the plank covering and the foot-square wooden duct below it containing the cable and wires of the company, severing six or seven of its wires. The interruption of communication was noticed at once, and on that day and the next repairs were made, involving an expense of $126.92. The court below found as facts from the evidence that the plaintiff and his joint contractor, by their servants and employes, did the acts complained of causing the injuries, and that these acts constituted negligence for which the plaintiff was liable, and he thereupon gave the judgment under review.

The rule is well settled, and is not disputed in this case, that this court will not review the decisions of the court below on questions of fact. *South Brunswick* v. *Cranbury, 23 Vroom* 298. It can only look to see if there was legal evidence before the court below upon which its judgment might be based. It will not reverse, though the evidence might lead this court to a different conclusion. *Brunswick* v. *Cranbury, ubi supra; Brown* v. *Ramsey,* 5 *Dutcher* 117; *Jeffrey* v. *Owen,* 12 *Vroom* 260; *Monmouth Park Associa-*

*tion* v. *Warren,* 26 *Id.* 598; *Jersey City* v. *Tallman,* 31 *Id.* 239.

But it is contended for the plaintiff in *certiorari* that there is no evidence of such legal force and verity that it should be held sufficient to justify the judgment under the rule as cited. It is true that there is no direct proof as to how, when or by whom the cutting of the cable was done. The evidence on these points is largely circumstantial in character. We have examined the evidence on both sides with great care, as we have also the discussions of it in the briefs of counsel. We deem it unnecessary to discuss the evidence in detail in the opinion. As a result of our examination we have reached the conclusion that there was sufficient evidence, under the rule herein stated, to support the findings of fact and the judgment based thereon of the court below.

The result is that the judgment below is affirmed, with costs.