JOHN QUINN, PROSECUTOR, v. THE BOARD OF POLICE COMMISSIONERS OF JERSEY CITY.

Submitted December 10, 1902—Decided July 23, 1903.

The return of the finding and judgment of a board of police commissioners upon the trial of an officer upon a charge of neglect of duty cannot be contradicted by evidence taken under a general rule to take testimony.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *William H. Speer.*

For the defendant, *John W. Queen.*

The opinion of the court was delivered by

GARRETSON, J. The *certiorari* brings up the trial, conviction and sentence of the prosecutor, a police sergeant of Jersey City, by the board of police commissioners of that city, upon a charge of neglect of duty. The return contains the evidence presented to the commissioners upon the trial, and while it is properly no part of the return, an examination of it shows to our satisfaction that the police commissioners might, from a consideration of the evidence, have

reached the conclusion that the defendant was guilty of the charge.

The prosecutor, however, attacks the finding and sentence of the commissioners upon the ground that the judgment and sentence as returned are not the true judgment and sentence of the commissioners, and he does it in this way: Upon an ordinary rule to take testimony the prosecutor took the evidence of witnesses to show that at the meeting at which the prosecutor was tried and sentenced, the president of the commissioners stated that their conclusions were different from those shown by the return.

The return of the judgment must, in the first instance, be regarded as conclusive. If the prosecutor thinks it is not true, his course is to apply to the court alleging a diminution of the record and procure an order upon the person in whose custody the record is to certify whether the record is not as the prosecutor claims, and if it is certified that the record is as originally returned, then it implies absolute verity and cannot be contradicted by evidence taken on a rule to take testimony. As to the proper practice, see *South Brunswick* v. *Cranbury, 23 Vroom* 298. See, also, *Scott* v. *Beatty, 3 Zab.* 256; *Parsell* v. *State, 1 Vroom* 530; *Wahrman* v. *Horan,* 17 *Id.* 465.

The judgment below is affirmed, with costs.