ISIDOR BRAND, PROSECUTOR, v. THE AUTO SERVICE COMPANY.

Argued February 21, 1907—Decided June 10, 1907.

1. The statutory test provided by the Attachment act of 1901 (*Pamph. L., p.* 158) for an attachment against a corporation is not whether it be a resident or non-resident, but whether it be a corporation created or recognized as a corporation of this state by the laws of this state.

2. An affidavit stating that the defendant in attachment "is not, to deponent's knowledge or belief, resident in this state at this time" is legally insufficient to warrant the writ of attachment against a corporation under the Attachment act of 1901.

---

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *Weller & Lichtenstein.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

TRENCHARD, J. The prosecutor, Isidor Brand, procured a writ of attachment to be issued out of the Hudson County Circuit Court.

Property of the defendant, the Auto Service Company, was attached under the writ and released by the sheriff upon the filing of a bond.

The defendant entered no appearance, but moved to quash the writ, appearing specially for that purpose, and not otherwise.

The Circuit Court made an order quashing the writ of attachment, and this writ of *certiorari* brings up such order for review.

The validity of the attachment was challenged on the ground that there was no sufficient affidavit.

The affidavit of the plaintiff says "that the Auto Service Company, a body corporate, owes him a debt founded upon contract, amounting to the sum of eleven hundred and thirty-two dollars and fifty cents, as nearly as deponent can specify, and that said Auto Service Company is not, to deponent's knowledge or belief, resident in this state at this time."

It is contended that the writ of attachment was properly quashed, for the reason that the affidavit failed to state that the corporation was "not created or recognized as a corporation of this state by the laws of this state."

The Attachment act of 1901 (*Pamph. L., p.* 158), under which the proceeding was admittedly had, provides in section 1 that attachments shall issue at the suit of any plaintiff against his debtor in the following cases: (1) Upon affidavit that defendant is an absconding debtor; (2) where the plaintiff, his agent or attorney, shall make affidavit that the debtor is not, to deponent's knowledge or belief, resident in this state at the time; (3) where the court or judge, or

Supreme Court commissioner, shall make an order for the issue of an attachment upon proof, by affidavit, of fraud which would warrant an order for a *capias ad respondendum.*

The affidavit in question was apparently framed to comply with section 1, subdivision 2. It apparently was not intended to comply with section 4, which provides that "attachments may issue against   *   *   *   corporations not created or recognized as corporations of this state by the laws of this state."

Section 1, standing alone, however, does not warrant the issue of an attachment against a corporation. That section originated in the Attachment act of 1798, and, as pointed out by Chief Justice Depue, in *Goldmark* v. *Magnolia Metal Company,* 36 *Vroom* 341, "that statute provided only for writs of attachment against absconding debtors or debtors residing out of the state. The act provided a complete method of procedure, substantially the same as the statute now in force. It did not authorize a writ of attachment against a corporation."

It necessarily follows that the sole authority for an attachment against a corporation under the act of 1901 is to be found in section 4, which limits and defines the class of corporations against which the writ may issue to be "corporations not created or recognized as corporations of this state by the laws of this state."

The affidavit in question fails to allege that the defendant is in the class defined by the act.

The plaintiff contends that the averment in his affidavit that the defendant "is not, to deponent's knowledge or belief, resident in this state at this time" is equivalent to an allegation that it is "not created or recognized as a corporation of this state by the laws of this state."

We think this contention cannot prevail.

What constitutes the "residence" of a corporation has been considered by several of our cases.

In *Perrine* v. *Evans,* 6 *Vroom* 221, Chief Justice Beasley, commenting upon the holding of *Phillipsburg Bank* v. *Lackawanna Railroad Co.,* 3 *Dutcher* 206, and deducing the rule therefrom, says: "It was adjudged in that case that this railroad company, although recognized to a certain extent by

the laws of this state, was a foreign corporation, and therefore, in that respect, liable to attachment as a non-resident. But it appearing that this company carried on business and had an office in this state, and that the secretary and general superintendent resided here, it was further held that these circumstances exempted them from liability to this process. This result was clearly correct on the rule as above stated. A corporation that does business in this state, and whose officers, upon whom process can be served at their homes, reside here, may be reasonably said to be a resident of this state. The situation of such a foreign corporation is nearly similar to a person having an established abode in this state whose legal domicile is elsewhere. In the case reported process could at any time be served at the abode of the officers of the corporation resident here. The case goes no further than to lay down the correct doctrine that when a summons· can be served at the dwelling-house a foreign attachment cannot be sanctioned."

Commenting upon the authorities, Chief Justice Depue, in *Goldmark* v. *Magnolia Metal Co., supra,* says: "Following the principle laid down in Perrine *v.* Evans, and the opinion of Chief Justice Beasley in that case, the true doctrine is to place a corporation not created or recognized by the laws of this state on the footing of a non-resident individual, exempt from writ of foreign attachment only when it does business in this state and has officers residing in this state upon whom process can be served at their homes."

From these authorities we conclude that a corporation is a resident, irrespective of its domicile, when it does business in this state and its officers reside here, upon whom process may be served at their homes. Conversely, a corporation, no matter where incorporated, which does not do business in this state, and does not have officers residing here upon whom process may be served, is non-resident. It may well be, and in practice frequently does happen, that a corporation created by the laws of this state is non-resident, as where a domestic corporation does not transact any business in this state, and has no officer or director resident here, and has no resident agent

or principal office for the service of process. On the other hand, it may well be that a foreign corporation may be recognized as a corporation of this state and still be a non-resident. A foreign corporation may be recognized by filing in the office of the secretary of state a copy of its charter, a statement of its stock authorized and outstanding, the character of its business, and a designation of a principal office in this state and an agent in charge upon whom process may be served. *Pamph. L.* 1896, *p.* 307, § 97. After complying with the act in that respect the corporation may in fact cease its business here, close its office, and its officers and directors remove from the state. Notwithstanding, until the certificate of the secretary of state is revoked, that corporation continues to be recognized by the laws of this state as authorized to do business herein, although it may actually have become non-resident.

We conclude, therefore, that the affidavit stating that the defendant corporation is non-resident is not equivalent to stating that it is not a corporation created or recognized as a corporation of this state by the laws of this state, and is therefore legally insufficient to warrant the writ of attachment.

The result is that the order of the Circuit Court quashing the writ of attachment is affirmed, with costs.