LUDWIK PAKUSEWSKI, DEFENDANT IN ERROR, v. THE RINGWOOD COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1910—Decided March 6, 1911.

1. Plaintiff, while in defendant's employ, engaged at work—assigned him by the company's foreman—shoveling and loading iron ore into cars upon its tracks within its iron mine, was injured by rock which fell, or slid down by gravity, without warning, upon him. Blasting of rock in the mine by other workmen of the company had been in previous progress above the floor where plaintiff was working, about ten hours before the accident, and it was *held,* that, under the conditions in evidence recited in the following opinion, the refusal of the trial court to direct a nonsuit and verdict in favor of defendant, was not error.

2. The rule that the servant takes the risk of the service presupposes that the master had performed the duties of caution, care and vigilance which the law casts upon him. It is those risks alone which cannot be obviated by the adoption of reasonable measures of precaution by the master that the servant assumes.

3. In mining employments where blasting of rock in a mine is being carried on by the master, an employe who has not been engaged by the former to blast but to do the work of shoveling together and loading into cars the materials resulting from the blasts, and directed to do such work in a room or place designated by the master, has the right to assume that the duty of proper and timely mine inspection and of adoption of suitable precautions to protect him, has been performed by the master, and to proceed with his work in reliance upon this assumption.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Freeman & Westerhoff*.

For the defendant in error, *Edward F. Merrey*.

The opinion of the court was delivered by

VREDENBURGH, J. The plaintiff, while in the defendant's employ, engaged at work—assigned him by the company's foreman—shoveling and loading iron ore into cars upon its tracks within its iron mine in Passaic county, New Jersey, had his leg crushed by rock which fell or slid down by gravity, and without warning, upon him. He has brought this action to recover compensation in damages for this injury. His declaration avers substantially that his injury resulted from the defendant's negligence in failing to take reasonable care to provide him a reasonably safe place in which to do the work required of him, and in maintaining the mine in a reasonably safe condition during his employment; the more pertinent charges in such regard being, that the company had failed in its duty of properly inspecting the roof and walls of the mine so as to discover such portions of the rock as might have become loosened or dangerous to its workmen, and to properly brace and safeguard, or remove, the same so that the loosened material should not fall upon the workmen engaged there.

From the uncontradicted evidence it appears that the rock which fell upon the plaintiff, also, and at the same instant, overwhelmed his companion, who was working at the same kind of work about three feet distant from him, killing the former instantly; that blasting of the rock in the mine by other workmen of the company above the floor occupied by the plaintiff had been in previous daily operation (two blasts having been fired during each twenty-four hours), but that no blast had taken place for about ten hours previous to the accident.

The plaintiff was not employed to blast and took no part in it.

Whence, or from what precise part of the mine above the plaintiff the loosened rock came, was not established by the evidence, probably for the reason that it was neither capable of practical ascertainment in fact, nor of satisfactory demonstration in theory. The plaintiff is a Pole, unfamiliar with the English language, and his testimony was given at the trial through the aid of an interpreter. The mine room in which he was working was entirely dark, except only so far as the small light he carried on his hat afforded him light in front sufficiently to do his work. His positive statements were that the injuring rock fell down from the top of the room in the mine (estimated to be about one hundred feet high) where he was working, and that in falling it gave no warning and made no noise until it reached him.

These affirmative statements, made by the nearest eye witness of the occurrence, who had, at the time and place of its happening the best opportunity for knowledge, stand without direct contradiction in the evidence.

The effort of the defendant at the trial was to show by its witnesses from the physical conditions and indications immediately at and surrounding the place of the accident after its occurrence, that the falling rock must have started from a pile of material which had been previously blasted and gathered together to be sent down the slide, and had been started down the slide by the negligent act of the plaintiff's fellow-servant (Andrew Tomkowicz, who was killed), who had, as claimed,

undermined the heap causing it to fall or slide down upon them.

There was no evidence that the defendant had made, either after the explosion of the blasts, nor at any time previous to the accident, any inspection of any part of the mine.

The first of the two assignments of error argued in the brief of the counsel of the plaintiff in error is based upon the refusal of the trial court to grant the defendant's motion to direct a nonsuit. The sole ground taken by counsel at the hearing of the motion before the trial judge, was the general one that no negligence on the part of the defendant had appeared. The point now specified in the brief, but not taken at the argument before the trial court, is that the injury complained of was caused by the negligent act of the plaintiff's fellow-servant.

Without pausing to decide whether this point, which relates entirely to the *plaintiff's* standing, under the evidence was sufficiently brought to the attention of the trial judge at the hearing of a motion founded only upon the *defendant's* standing, it will be sufficient to note that the causal connection of the acts of the deceased fellow-servant with the falling of the rock was a material subject of controversy between the parties under the evidence at the trial. Where there exists upon the evidence a substantial dispute whether the injury arose from the negligence of a fellow-servant or not, the legal rule is undoubted that a motion to nonsuit on this ground cannot prevail. *Comben* v. *Belleville Stone Co.,* 30 *Vroom* 226, and cases following it.

The other assigned error is that the trial court refused to direct a verdict in the company's favor; the insistment being that no negligence productive of the plaintiff's injury was shown in the case; that—to quote the words of the brief— "the plaintiff's case was based upon the theory that a stone had fallen from a shaft in another part of the mine, and that there was no direct evidence on the plaintiff's part that a stone did fall from that shaft."

It seems hardly necessary to add, by way of comment, that no question of law is thus presented for decision by this court.

The effect of the entire evidence will be presumed, after verdict, to have been passed upon by the jury under proper instruction from the trial court, and the record before us shows that the issues presented by the evidence were submitted to the jury by the charge of the trial judge, to which no exception by the plaintiff in error was sealed.

Argument is also made that, under the whole case, the plaintiff below has exhibited no right of recovery against his employer for the reason that when he undertook to do the work in the mine, in what turned out to be a place of danger, he assumed all the risks naturally incident to the situation, including the risk that a rock might suddenly fall, or ore and stone might suddenly start in motion and cause a slide, and that the plaintiff must be assumed to have had a knowledge of the danger of the mine so acting and to have assumed its risks. In support of this proposition the case, decided in the Supreme Court, of *Hardy* v. *Sulphur Mining Co.*, 46 *Vroom* 234, and some other authorities, are referred to.

But this argument overlooks the legal rule that it was the precedent and positive duty of the defendant mine owner to exercise care to keep the room in the mine, where the plaintiff was employed and requested to work, in a reasonably safe condition for such work, and to this end to have caused timely inspection and examination of the mine walls and roof. The jury were warranted in finding under the evidence that the master had not complied with this duty. It will be seen by recourse to the authorities next cited that in this class of mining employments, especially where blasting is in operation, the duty of inspection, and of frequent and careful examination of the mine by the employer, or by his foreman in his behalf, and of the adoption of suitable precautions to protect the employe, is a strict and positive one, and that the employe has a right to presume, when directed by the master to work in a particular room or place in the mine, that the latter has performed this duty, and to proceed with his work in reliance upon this assumption. *Union Pacific Railway Co.* v. *Jarvi,* 53 *Fed. Rep.* 69; *Western Coal and Mining Co.* v. *Ingraham,* 70 *Id.* 223; *Pantzar* v. *Tilly, Foster Mining Co.,* 99 *N. Y.*

368. See, also, *Booth* v. *Boston and Albany Railway Co.*, 73 *Id.* 40, and *Zellers* v. *Delany*, 51 *Vroom* 452.

In the cited case of *Hardy* v. *Sulphur Mining Co.*, 46 *Vroom* 234, the question of the duty of inspection by the mine owner was not apparently raised, nor put in issue. The plaintiff there while working at the bottom of the mine was hurt by a stone falling upon him from overhead through a hole in a wooden platform constructed by the company at one of the driftways. The defendant knew of the existence of this hole and the plaintiff did not, and the particular negligence charged against the former was in failing to repair the hole in the platform. A judgment for damages against the defendant had been awarded the plaintiff in the trial court. This judgment the Supreme Court reversed, but solely for a misdirection in the charge of the Circuit judge upon a point not material to this discussion, and it is important to observe the opinion of the Supreme Court in dealing with this class of employments, holds that it is the duty of the mine owner to provide his employe, while at work in a mine, with a reasonably safe place in which to work, and of *maintaining* it in a reasonably safe condition during the employment.

This holding is in entire consonance with the authorities of other jurisdictions (some of which are cited above) in cases where the duty of mine inspection by the employer is a material issue on trial.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, SULLIVAN, JJ. 15.

*For reversal*—None.