LEWIS H. WOODS, APPELLANT, v. SOUTHERN LIFE AND TRUST COMPANY, RESPONDENT.

Submitted December 7, 1914—Decided March 1, 1915.

1. An attachment ought not to be quashed because of the fact that the property attached was not owned by the defendant.
2. While ordinarily the validity of the claim on which an attachment is based should not be tried on a motion to discharge the defendant or his property from suit, yet where it clearly appears that the only question involved is one of law, and the law has been settled adversely to the plaintiff, the court may quash the writ.

On error to the Supreme Court.

Motion to quash attachment on two grounds—*first,* that the property attached was not the property of the defendant

in attachment, and *second,* that there was no debt due from the defendant to the plaintiff. The Circuit Court quashed the writ and upon *certiorari,* the Supreme Court affirmed the order. The essential facts are: The Central Construction Company, a North Carolina corporation, contracted with the board of education of Bloomfield for the building of a school. The plaintiff, Woods, made a sub-contract with the construction company for electrical work. Before the completion of the work, a petition in bankruptcy was filed against the construction company in the Western District of North Carolina, and the Southern Life and Trust Company was appointed receiver in bankruptcy by the United States District Court in that district. The receiver was subsequently authorized by that court to prosecute the work of construction. There were no ancillary proceedings in the district of New Jersey, and no adjudication of bankruptcy has yet been had. After the order authorizing the receiver to prosecute the work, an arrangement was made between Scales, an officer of the defendant company, and Woods, the present plaintiff, for the payment to the plaintiff of some cash for work already done and an allowance by the plaintiff on account of his claim. The plaintiff as a part of the arrangement agreed to proceed with the completion of his contract, and did so, besides doing some other work. The contract for the building was completed by the defendant, "purporting to act in connection therewith as receiver of the Central Carolina Construction Company."

For the appellant, *William H. Wurts.*

For the respondent, *Halsey M. Barrett* and *Randolph C. Barrett.*

The opinion of the court was delivered by

Swayze, J. We think an attachment ought not to be quashed because of the fact that the sheriff attached property not owned by the defendant. The statute provides a special remedy where property attached is claimed by another and

we find no precedent for quashing the attachment. The validity of the attachment does not depend on the ability of the officer to find property of the defendant, and if valid when issued it cannot be invalidated by a levy upon property of a third person. It is still a lien by virtue of section 8 of the act (*Comp. Stat.*, p. 138) upon real estate even though the officer fails to attach the same and upon all real estate and interest in real estate acquired by the defendant in the county after the issue of the writ and before final judgment; and the court may order the clerk to amend the return to the writ by annexing thereto a description of such real estate. The provisions of the statute would be set at naught if the writ could be quashed because the only property attached by the officer was shown not to belong to the defendant.

The second ground on which the defendant relied is stronger. "Ordinarily," as was said by the Supreme Court in *Anspach* v. *Spring Lake,* 58 *N. J. L.* 136 (at *p.* 138), "the validity of the claim should not be tried on a motion to discharge the defendant or his property from suit." To do so, deprives the plaintiff of his right to trial by jury in case the claim is contested, and it would require a clear case of abuse of the process of attachment to justify the court in interfering in this summary way.

We have, however, reached the conclusion that the judgment should be affirmed. The affidavits and arguments on the part of the plaintiff make it clear that the only question involved is one of law. He rests his case upon the theory that although the contract purported to be that of the defendant as receiver, it was really the contract of the defendant individually (to use the term that would be appropriate in case of a natural person), for the reason that as receiver it was not authorized to act in the district of New Jersey. This contention rests upon the legal theory that before a receiver in bankruptcy can act outside of the district of his appointment, he must have an ancillary appointment in the district in which he acts. As we understand the rule of the United States Supreme Court, the law is settled to the contrary. *Robertson* v. *Howard,* 229 *U. S.* 254. That case, it is true, involved the

powers of a trustee in bankruptcy, but the reasoning of the court is quite as applicable to the case of a receiver. There is another difficulty in the plaintiff's case; he assumes that the trust company was itself acting: in fact, Scales alone acted in making the contract with the plaintiff and there is nothing to indicate that he was authorized to act for or to bind the trust company except in its official capacity as receiver. The case was fully presented in the court below, no question of fact was involved which would require submission to a jury, and we think that under such circumstances the court was justified in holding that the attachment could not be sustained. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.