THE PAUL DELANEY COMPANY, RESPONDENT, v. JOSEPH FREEDMAN COMPANY ET AL., APPELLANTS.

Argued June 23, 1919—Decided November 17, 1919.

The general rule that service of process procured by fraud is invalid, extends to the issue and execution of writs of attachment.

---

On appeal from the Supreme Court, which on *certiorari* quashed an order for attachment under sections 84 and 85 of the Practice act of 1903.

The following is the opinion filed by Mr. Justice Bergen in the Supreme Court:

"The prosecutor, a non-resident corporation, contracted to sell and deliver to the defendant a carload of tomato catsup on or before December 1st, 1917, which was not fulfilled, for reasons which the prosecutor claims were justifiable, although disputed by the defendant. In 1918, the defendant ordered another carload of catsup, but the prosecutor, before shipping it, wrote the defendant that it wanted a definite understand-

ing that they were released by defendant from any former claim for undelivered catsup, and that defendant would settle for the shipment without any controversy or legal action. To which defendant replied that if the shipment was made it would 'pay the same in the usual course of business, and that this shipment has no reference to the contract of January 14th, 1917, and that the invoice will be paid in due course of business without any litigation.' Thereupon the prosecutor shipped the catsup to defendant at Elizabeth, New Jersey, where it arrived December 18th, 1918, and the next day defendant rejected it for lack of required quality, and the same day presented affidavits to a Supreme Court commissioner showing a cause of action for the default on the contract of 1917, and procured from him an order for an attachment, which was issued and the carload of catsup attached at the suit of defendant, who, subsequently, caused it to be taken from the car and put in storage.

"The prosecutor was allowed by the Circuit Court a rule to show cause why the writ of attachment should not be quashed, and, after the taking of testimony in support of the rule and argument thereon, the court discharged the rule, which is the legal proceeding this writ seeks to review. This method of review is proper, but is limited to errors of law, and disputed questions of fact will not be considered. *McAdam* v. *Block,* 63 *N. J. L.* 508. The rule to show cause allowed in this case related only to a motion to quash the writ, and not why the prosecutor's property should be released from the lien of the attachment, as in *Hecksher* v. *Trotter,* 48 *Id.* 419; but there seems to be no reason why a writ of attachment may not be quashed, even after appearance, if the evidence shows beyond dispute that it was prosecuted against a person not subject to the writ. *Moore* v. *Richardson & Baldwin,* 65 *Id.* 531. The cases cited all refer to the ordinary case where the damages are liquidated, but the present case is one where the damages are not liquidated and the proceeding is under sections 84 and 85 of the Practice act (3 *Comp. Stat., p.* 4076), which require an order by the court or Supreme Court commissioner awarding the writ. I think the order of the commissioner

was justified by the facts laid before him, but that defendant suppressed or concealed material facts not disputed which destroyed his right to seize the goods taken by his direction under the writ. The fact not disclosed to the commissioner was that defendant had agreed in writing as a condition for the shipment, to pay for it in the usual course of business, and that it had no reference to the contract of the previous year, but the invoice would be paid without any litigation; this was in reply to a letter of the prosecutor, that before sending the goods they wanted a distinct understanding regarding settlement, and an assurance that the prosecutor was released from any former claim for undelivered catsup, and that payment would be made without controversy or legal action. This condition the defendant accepted and the goods were shipped, delivered to the defendant, at once rejected for default in quality, then levided on under the attachment, removed by the defendant from the car, put in storage and still held; and it does not require an overabundance of astuteness to see that the prosecutor was induced, by a sharp trick, to send its goods into this state so that they might be attached, notwithstanding defendant's contract to pay and not litigate.

"If the defendant had submitted this undisputed fact to the commissioner, as he was bound to do, that officer, without some explanation, could not have found that the alleged cause of action, which the statute requires existed, for it was waived as a condition of the shipment. The Circuit Court had before it this undisputed fact on the rule to show cause, and it clearly appearing, without dispute, that the defendant had waived its former cause of action and agreed to pay without litigation as a condition for the shipment, a cause of action, so far as it related to the former shipment, did not exist, and the Circuit Court should have so decided, as a matter of law, and its discharge of the rule was error.

"The sending of the goods was on condition that defendant would pay for them without litigation and without any reference to the prior default of the prosecutor in not shipping what it had contracted to ship in 1917, and to this the defendant agreed to induce the shipment of 1918. The right

of defendant to refuse acceptance for want of quality contracted for was not waived, but its right to enforce the claim for damages arising out of the contract of 1917 was, and its right under the terms of shipment was limited to a rescission of the latter contract, and was not extended to the right to institute a litigation against the goods to recover on the earlier contract.

"This result renders it unnecessary to determine the other matters raised by the prosecutor, and no opinion thereon is intended to be expressed.

"The prosecutor is entitled to have the writ quashed, with costs, and it is so ordered."

For the appellants, *Stamler & Stamler.*

For the respondent, *Harry Kalisch.*

PER CURIAM.

We agree that the judgment should be affirmed on the broad ground that the evidence before the Supreme Court showed without dispute that respondents were fraudulently induced to send their property into the state by an express agreement that there should be no litigation of the former dispute. It is not denied that the rule relating to service of process procured by fraud is broad enough to cover cases of attachment. See *Williams* ads. *Reed,* 29 *N. J. L.* 385; *Peltier* v. *Washington Bank,* 14 *Id.* 391, 398; *Nason* v. *Esten,* 2 *R. I.* 337; *Spear* v. *Hubbard,* 4 *Pick.* 143; 6 *C. J.* 422.

We think it is immaterial whether the goods attached were in fact of the quality contracted for. The underlying feature was that prosecutors were unwilling to ship at all unless assured that there would be no litigation under the old claim. Defendants would be entitled to reject the goods if not in fact up to standard, but not to attach them when they had expressly agreed not to litigate.

It is claimed that there was an appearance by respondents in the suit wherein the writ issued. We find no general appearance; their attempt to have the writ quashed in the Cir-

cuit Court was no more than a special appearance, and the acknowledgment of a notice of application to the Circuit Court to sell the goods as perishable was made after the record had been removed to the Supreme Court by *certiorari*, and objection to the sale seems to have been on this very ground.

The writ of *certiorari* brought up the writ of attachment as well as the order awarding it, and it was clearly within the jurisdiction of that court to quash the writ as well as set aside the order; and, naturally, if the order falls, the writ falls with it.

For the fundamental reason given, viz., that the writ was sued out in fraud, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.