LAURA FORD AND J. ALFRED FORD, PLAINTIFFS, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, A CORPORATION, ET AL., DEFENDANTS.

Decided April 15, 1931.

For the motion, *Leonard J. Emmerglick.*

*Contra, Henry D. Brinley* and *Elmer F. Holtz.*

DUNGAN, S. C. C. This is an application for an examination before trial of a corporate defendant.

So far as the decision of this motion is a matter of discretion, I am inclined to exercise that discretion in favor of granting the motion, but feel that I am prevented from doing so because of the provisions of the statute permitting the examination of an adverse party before trial.

The original act to which the attention of the court has been called appears as section 159 of the Practice act, revised statutes of 1877, page 873. Under that statute, it has been decided that—

"Where a corporation is a party to the record, neither the president, secretary, the individual directors nor stockholders are parties to the action, and cannot be examined after issue joined and before the trial of said action under this section." *Apperson* v. *Mutual Insurance Co.*, 9 *Vr.* 272.

This statute was re-enacted, in substantially the same form, in the 1903 Practice act, section 144. Thereafter, by an act of the legislature (adopted *Pamph. L.* 1914, *p.* 151), it was provided that—

"The officers of any corporation may be examined as aforesaid in any action in which such corporation shall be a party."

By *Pamph. L.* 1924, *ch.* 93, *p.* 183, the original statute was substantially re-enacted, leaving out the provisions of the 1914 statute relative to the examination of corporate officers; so that the statute, so far as the examination of corporate officers is concerned, remains the same as in the revision of 1877, which, in accordance with the decisions above cited, did not include a corporation or officers of a corporation.

It is insisted that since section 140 of the 1903 act provides for answers to interrogatories by a corporation "under the oath of such of the officers, agents or employes of the corporation as have personal knowledge of the facts or custody of the books, records or papers, a discovery of which is sought," and because section 144, relating to examination before trial, provides that "such attendance and examination may be enforced in the same manner as answers to interrogatories," that it is intended, by that provision in section 144, to include corporation.

With this view I am unable to agree, as the latter provision is undoubtedly intended only to prescribe the penalty for the failure to appear and submit to such examination, which is, as stated in section 140, that the judge may "attach for contempt, suppress the defense or stay or dismiss the proceedings."

The motion will, therefore, be denied.