## NANUET LOGGING COMPANY, PROSECUTOR, v. GERALD HANSON, RESPONDENT.

Submitted May term, 1936—Decided July 28, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *Cohn & Kohlreiter* (*Peter Cohn,* of counsel).

For the respondent, *Irving Zacharewitz* (*Feder & Rinzler*, of counsel).

PER CURIAM.

This writ of *certiorari* brings up for review an order denying motion to quash a writ of attachment. The attachment issued out of the District Court of the city of Clifton in Passaic county. The writ of attachment was obtained by the creditor on the presentation of an affidavit saying that the Manuet Logging Company, Incorporated, a corporation of the State of New York (prosecutor herein) is not, to the knowledge or belief of the deponent, resident in the State of New Jersey at the present time and that "the said Manuet Logging Company, Incorporated, owes to deponent the sum of $500, as nearly as this deponent can specify." This affidavit would be clearly faulty and insufficient to support the issuance of an attachment under the Practice act (3 *Comp. Stat., p.* 4077; *Jaudel* v. *Schoelzke*, 95 *N. J. L.* 171; 112 *Atl. Rep.* 328) but it seems to conform to the statutory requirement in such cases, outlined for the District Courts of this state (2 *Comp. Stat., p.* 1977, § 69), which provides, "if any creditor * * * shall make oath * * * either that he verily believes that his debtor absconds from his creditors, and is not to his knowledge or belief, resident in this state at the time, or that the person against whose estate an attachment is about to be issued is not, to the knowledge or belief of said creditor, resident in this state at the time, and that he owes to said creditor a certain sum of money, specifying as nearly as he can the amount of the debt or balance, the clerk of any District Court of this state shall, and he is hereby required to issue out of said District Court an attachment, &c."

The writ was issued by the clerk and moneys of the debtor attached. The debtor caused a special appearance to be entered for the purpose of moving to quash the writ on the ground that the proceedings were irregular, illegal and void. Notice of motion to that effect was served upon the attaching creditor. Notices were posted (section 70, *Pamph. L.* 1898,

*p.* 583; 2 *Comp. Stat., p.* 1977) advertising the fact that an attachment had been issued against the Manuet Logging Company and bond was filed which accomplished the release of the money from the lien of the attachment (section 71, *Pamph. L.* 1898, *p.* 583; 2 *Comp. Stat., p.* 1978). The court denied the motion to quash.

The prosecutor advances two reasons why the motion to quash should have prevailed. (1) The affidavit filed as the basis for the writ of attachment is legally insufficient, and (2) that the creditor failed to strictly follow the provisions of sections 69 and 70 of the District Court act, *supra,* and therefore the attachment should have been vacated.

As to the first, that the affidavit was legally insufficient, it is argued that the language of section 69 does not comprehend the issuance of a writ of attachment against a corporation. It is also argued that the statement that the corporation is not, to deponent's knowledge, resident in this state at this time, is insufficient, and reliance is placed upon the case of *Brand* v. *Auto Service Co.,* 75 *N. J. L.* 230; 67 *Atl. Rep.* 19. The court in that case had before it the Attachment act of 1901 (*Pamph. L., p.* 158; 1 *Comp. Stat., p.* 136, § 4) and the point at issue there was a construction of section 4 of that statute, which limits and defines the class of corporations against which the writ may issue to be "corporations not created or recognized as corporations of this state by the laws of this state." But that is not the situation here. The attachment was issued under and by virtue of the provisions of the District Court act concerning attachments. It is a separate and distinct mode of procedure regarding attachments issuing out of District Courts and must be tested by whether there is a compliance with the letter and the spirit of the provisions of the District Court act.

In arriving at the meaning of the language used by the legislature, we must consider the provisions of any other part of the statute which would tend to clarify or make certain legislative intent. And so, under the heading "Parties" of the District Court act (*Pamph. L.* 1898, *p.* 567; 2 *Comp. Stat., pp.* 1965, 1966), we find the following: (Section 43) :

"Whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used in this act, the same shall be understood to include and shall apply to several persons and parties as well as one person or party, and females as well as males, and bodies corporate as well as individuals, and several matters and things as well as one matter or thing, unless it be otherwise provided, or there be something in the subject or context repugnant to such construction; and the word 'plaintiff' wherever used in this act, shall be taken to include 'plaintiffs' or 'person or persons instituting proceedings,' or 'corporation' or 'corporations;' the word 'defendant' shall be taken to include 'defendants,' or 'person or persons proceeded against,' or 'corporation' or 'corporations.' *Pamph. L.* 1898, *p.* 567."

We think that it was the legislative intent, manifested by the section quoted, to include corporations. In defense of its position, the prosecutor argues that corporations were not intended to be included among the class of debtors against whom attachment should issue, relying upon section 78 of the statute. *Pamph. L.* 1898, *p.* 587; 2 *Comp. Stat., p.* 1980. That section, as we construe it, merely provides that wherever in an action on contract, *capias* to respond might issue, in all such cases a writ of attachment may likewise issue out of the District Court.

It will be noted that the writ may issue in those cases whether the defendant be resident of this state or not (section 78, *supra*). Our view is that this is merely an added class of cases where resort may be had to attachment as well as to *capias ad respondendum.*

It is next argued by the prosecutor under his second point, that the affidavit, which was the basis for the writ, described the corporation as a non-resident while the advertisement described the debtor corporation as an absconding debtor. This variance will not vitiate the writ. A reading of the section will make it manifest that the purpose of the advertisement was "in order that any person having a greater demand against such debtor than is cognizable before said

District Court may have an opportunity to take out an attachment for the recovery of same." It is our view that whether the debtor was described as non-resident or absconding was immaterial. Certainly it didn't affect the foundation, *i. e.,* the affidavit, upon which the writ was issued. We find no merit whatever in this point.

The judgment of the District Court will be affirmed, and the writ of *certiorari* dismissed, with costs.