LINDEN SILK COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PATERSON SILK THROWING COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 19, 1937—Decided January 26, 1938.

For the appellant, *Herman Shapiro* and *Paul Rittenberg*.

For the respondent, *Cole & Morrill*.

The opinion of the court was delivered by

LLOYD, J. In an action brought to recover damages for the negligent "throwing of silk" and heard by the judge without a jury, the plaintiff obtained judgment. The defendant appeals alleging errors, among others, that a nonsuit was wrongfully refused, that interest was erroneously included in the verdict, and that a photographic copy of a supposed letter was improperly received in evidence.

The first of these is clearly without merit. The evidence disclosed that the plaintiff is engaged in the business of weaving and manufacturing textile fabrics in the city of Paterson, and that the defendant is engaged in "throwing" these fabrics, being a process required for their manufacture; that during the months of June and July, 1933, the plaintiff delivered to defendant a number of bales of raw rayon to be treated by it by this process, and that the defendant was guilty of negligence in such treatment; that the rayon as treated was damaged to the loss of the plaintiff. This was the basis of the complaint, the evidence sustained the complaint, and the nonsuit was properly refused.

There was error, however, both in the award of interest and in the admission of the photographic copy of the letter above referred to. The action was in tort and our cases uniformly hold that interest in such cases is not recoverable, where the damages are uncertain and unascertained. *Philbrick* v. *Mundy*, 93 *N. J. L.* 43; *Horst Co.* v. *Breidt City Brewery*, 94 *Id.* 230.

So also as to the admission of the photographic copy of a supposed letter. During the progress of the trial a photograph of a purported communication was shown to a witness, Richard Monsaert. The paper was so folded that nothing but the name of the defendant at the top and the signature were shown, and the witness said it might or might not be the signature of Oscar J. Monsaert, the manager of the company. At a later stage the same paper was shown to Oscar J. Monsaert and he was asked if the the signature was his and he replied in the affirmative. The paper itself, purporting to reply to inquiry from another business concern, was then offered in evidence. The writing as thus shown stated that the defendant threw "acetate yarns, various twists, plies, combinations, &c.," and was signed "Oscar J. Monsaert, Assistant Superintendent."

One of the contested points of the case was whether the defendant company used acetate in the treatment of materials at the time of treating those of the plaintiff. It was asserted by the plaintiff and denied by the defendant. There was no

accounting for the original of the letter; no accounting for its history if it had one; no proof that the photograph itself was a copy of any letter, simply identification of the signature; no proof that if written, it ever left the office of the defendant company. Certainly it was essential that the original if it existed be offered, or if in the possession of the adverse party, that it had been called for and the call failed of response. Nothing of the sort here took place. There is no rule of evidence better established than that secondary evidence normally cannot be received without first accounting for the original and no citation of authority therefor is needed. Photographs are of course but secondary proof, and often most misleading. 22 *Corp. Jur.* 1021.

If it were practicable to calculate the interest included in the verdict rendered it is possible the interest could be eliminated and the judgment stand for the remainder, but even if this were so, nevertheless the judgment cannot stand in view of the error in admitting the letter already considered.

The judgment is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.