### Hudson County Circuit Court.

PAN AMERICAN SECURITIES CORPORATION, OF NEW YORK, PLAINTIFF, v. FRIED, KRUPP AKTIENGESELL-SCHAFT, A GERMAN CORPORATION, DEFENDANT.

Decided April 19, 1938.

For the plaintiff, *Stein & Stern* (*Milton B. Comford,* of counsel).

For the defendant, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

Brown, C. C. J.   The defendant, appearing specially, has applied to the court for an order directing the plaintiff to produce before a Supreme Court commissioner an officer or director of the plaintiff company having knowledge of the matters referred to for examination on the following questions:

(a) Who, other than or in addition to the plaintiff has any beneficial ownership or interest in the bonds referred to in plaintiff's bill of particulars, or in the proceeds thereof,

and, if there are such others, what is the extent of such beneficial ownership or interest and how did they obtain the same?

(b) Did the plaintiff take an assignment of the bonds, or any of them, referred to in the said bill of particulars for the purpose of bringing suit thereon?

To better understand the questions presented a brief recital of the history of the pending litigation is necessary. The plaintiff on February 1st, 1937, obtained a writ of attachment under the Attachment act of 1901 and the sheriff of Hudson county in pursuance of the writ levied upon certain right and credits owing to the defendant from New Jersey corporations. The writ was issued on an affidavit made by an agent of the plaintiff in which it was stated that the defendant is a German corporation and the plaintiff a corporation of the State of New York; that the defendant is indebted to the plaintiff in the sum of $298,684.52 and that the defendant is not a corporation created or recognized as a corporation of the State of New Jersey. The status of the parties is that of a foreign corporation, the plaintiff, attaching alleged rights and credits situate in the State of New Jersey of another foreign corporation, the defendant. The defendant entered a special appearance for the purpose of quashing the writ of attachment and obtained a rule to show cause to that end on the grounds: that the court was without jurisdiction because it is alleged the debt upon which the attachment issued was not due; that the court "in any event" should not take jurisdiction of the cause because to do so would violate a public policy of New Jersey in that a corporation of New York cannot do any act in New Jersey that is in violation of the public policy of New York, which state, it is alleged, will not permit a New Jersey corporation to sue in attachment in the courts of New York another foreign corporation upon a contract not made or to be performed in the State of New York; that the State of New Jersey will not take jurisdiction when both plaintiff and defendant are non-residents of this state and the contract in suit was not made in or to be performed in the State of New Jersey. Further reasons to quash are that this court if it has jurisdiction should not assume it as it is alleged the plaintiff was incor-

porated for the purpose of suing in attachment in the State of New York and that the real parties in interest are not citizens of that state and have acquired title to the debt in violation of section 280 of the Penal law of the State of New York. As ordered, the plaintiff furnished a bill of particulars of the jurisdictional basis for the writ of attachment in which appears the domiciles of the plaintiff and defendant are as above stated; that the defendant on January 31st, 1927, made and delivered a series of negotiable bonds for a loan of $60,000,000 payable at a German bank. The bonds were endorsed by the bank and issued to the public. The bonds provided for redemption, in series, from February, 1932, to February, 1956, with reservation in the defendant upon notice to call the entire issue on the first day of any February between the above mentioned dates. The payment of the principal, it was further provided, was at the option of the holders, to be made at a Netherlands bank in Amsterdam in Guilders at a Berlin exchange rate at London fine gold price of a certain date. Upon notice the defendant called for redemption the bonds on February 1st, 1937. The bonds held by the plaintiff amounting to the sum stated in the writ were presented for payment at the Netherlands bank, as provided in the bonds and payment was refused. In support of the motion now being made for an order to examine an officer or director of the plaintiff, the defendant presents an alleged photostatic copy of an affidavit by a representative of the plaintiff in a proceeding in the State of Michigan between the parties herein and a printed copy of the state of the case on appeal of a suit between the same parties in the Supreme Court of the State of New York. Neither of those documents are accompanied by any proof as to their authenticity or to make them competent evidence on this motion. *Linden Silk Co.* v. *Paterson Silk Throwing Co., Inc.,* 119 *N. J. L.* 482; 197 *Atl. Rep.* 57. A copy of the certificate of incorporation of the plaintiff in the State of New York duly certified by the secretary of that state has been furnished and designates that secretary as the agent of the plaintiff in the State of New York upon whom process may be served. The remaining proof in support of the motion is an affidavit by

an investigator reciting the futility of his efforts to locate an officer of the plaintiff. While the motion being considered is not dispositive of the rule to show cause a reference to the reasons on the rule is necessary to understand the motion. On the rule to show cause evidently the defendant challenges the jurisdiction of the court upon one ground only; that is the alleged cause of action had not accrued when the suit was commenced. The remaining grounds are relied upon not to challenge the jurisdiction of the court but to invite the court, although it might have jurisdiction, not to assume it. The questions sought to be answered as well as the argument in support thereof presents a variety of hypothetical questions that may not become a reality. The court is invited into a speculative inquiry for the purpose of not assuming a jurisdiction provided by law upon circumstances that are abstract and not concrete; that are undeveloped and cannot be definitely anticipated or perceived from the proof submitted. The invitation is not accepted. The defendant has annexed to its brief a copy of an order made by a New York court in similar litigation between the same parties relating to other bonds of the same issue as those involved in this suit. According to that order a motion to vacate an attachment on the alleged ground of a violation of section 280 of the penal law of New York was denied. It was held this was a matter to be alleged in an answer as a defense and that a general appearance should be entered for that purpose. On the motion before this court the defendant insists upon its special appearance though asking for affirmative relief. An allowance of the defendant's motion would be tantamount to an unequivocal recognition of this court's jurisdiction and amount to a conversion of the special to a general appearance on the part of the defendant. *Franklyn* v. *Taylor Hydraulic Air Compressing Co.,* 68 *N. J. L.* 113; 52 *Atl. Rep.* 714; *Laura* v. *Puncerelli,* 91 *N. J. L.* 38; 102 *Atl. Rep.* 433; *Venghis* v. *Commonwealth Casualty Co.,* 101 *N. J. L.* 151; 127 *Atl. Rep.* 158. A motion presupposing a general appearance will carry the implication of such an appearance. *Franklyn* v. *Taylor Hydraulic Air Compressing Co., supra; The Paul Delaney Co.* v. *Joseph Freedman Co. et al.,* 93 *N. J. L.* 456;

108 *Atl. Rep.* 435. Before a foreign corporation can be exempt from attachment in New Jersey it must fulfill two conditions. Not only must it have an office or place in which it transacts business in the state but it must have authority from the state to do business here. *Brand* v. *The Auto Service Co.,* 75 *N. J. L.* 230; 67 *Atl. Rep.* 19. If a foreign corporation neglects to obtain a certificate of authority to do business in this state its property is subject to attachment no matter how many business transactions occur. This is true even though the cause of action arose out of the state. *Goldmark* v. *Magnolia,* 65 *N. J. L.* 341. No distinction has been made in the construction of the Attachment act between a debt that arose within the state and one that arose out of the state. The Attachment act confers the right to use the writ of attachment to any creditor without limitation or qualification. *Goldmark* v. *Magnolia, supra.* The fact that the plaintiff is a foreign corporation is no reason why the motion should be granted as the Attachment act, section 1 (*Comp. Stat.* 1910, *p.* 132) provides that attachment shall issue at the suit of any plaintiff whether resident or not. To grant the defendant's motion would be tantamount to an examination before trial of an officer or director who is not a party to the suit. It is not proper practice to grant an order for an examination before trial in view of the fact that the plaintiff is a corporation. *Ford* v. *Jersey Central Power and Light Co.,* 9 *N. J. Mis. R.* 476; 154 *Atl. Rep.* 869. In some degree the defendant by its motion seeks to obtain information to support its contention on a disputed question of fact. The proper practice is to confine the rule and motions thereunder to questions of law and not to determine disputed questions of fact. *McAdam* v. *Block,* 63 *N. J. L.* 508; 44 *Atl. Rep.* 208. The court will not ordinarily try the validity of a claim on a motion to quash. *Anspach* v. *Spring Lake,* 58 *N. J. L.* 136; 32 *Atl. Rep.* 77; *Schmidt* v. *Kyle,* 4 *N. J. Mis. R.* 970; 135 *Atl Rep.* 89; *Woods* v. *Southern Life and Trust Co.,* 87 *N. J. L.* 202; 93 *Atl. Rep.* 579. If it is a fact in the case that the plaintiff is suing on an assigned claim it would not be a valid reason to quash the writ for the Practice act of 1903, section 19, provides that all choses in action

arising on contract shall be assignable at law and the assignee may sue thereon in his own name. Recovery in the action will depend on the legal proof produced by the plaintiff. If that proof is furnished what becomes of the fruits of the litigation should not concern the defendant. On the question of comity or public policy of a state, it should be noted that, the principles thereof can be applied not only by the judiciary but also by acts of its legislature. Our Attachment act is a legislative declaration of the public policy of our state that should not be lightly disregarded. This law declares a policy of entertaining suits in attachment in our courts by one non-resident against the property of another non-resident situate in our state by the following language of the act, "attachments shall issue out of the Supreme Court, Circuit Court or Common Pleas at the suit of any plaintiff, whether resident in this state or not, against his debtor, * * *." The defendant has not presented sufficient facts to the court, on its motion, to change this statutory declared policy of our state by judicial order. The judicial application of the principles of public policy, or comity, can be more properly invoked at the trial of the cause when and if sufficient reasons and proof are presented to warrant the application. *In re Fischer,* 119 *N. J. Eq.* 217. There remains for consideration the contention of the defendant that the provisions of sections 97 to 101 of the General Corporation act of the State of New Jersey constitutes a ground for granting the motion and denying jurisdiction to the plaintiff. The court finds that those sections of the act do not support the defendant's contention; they relate to the subject-matter of a foreign corporation doing business in this state with the exception of section 98 which provides that a foreign corporation in order to bring an action in this state *upon a contract made in this state* must obtain a certificate to do business in New Jersey. This section does not apply to contracts made without the state. *Commercial Credit Corp.* v. *Boyko,* 103 *N. J. L.* 620; 137 *Atl. Rep.* 534. It does not appear to the court that the defendant has presented any concrete reason in fact or law why its motion should be granted. It is, therefore, denied.