WARREN ROBINSON, PLAINTIFF, v. ANDREW W. MELLON DEFENDANT.

Decided December 10, 1924.

**Attachment—Ex Parte Affidavit of Defendant—Such Affidavit Sufficient for Rule to Show Cause, But Not Sufficient to Support Motion to Dismiss Writ—Affidavit in This Case Only a Denial of Existence of Debt—Nature of Affidavit Upon Which Writ is Based.**

On motion to quash writ of attachment.

For the motion, *Patrick H. Harding.*

*Contra, D. Trueman Stackhouse.*

The opinion of the court was delivered by

KATZENBACH, J.   A writ of attachment was issued out of the Supreme Court at the instance of the plaintiff, Warren Robinson.   It is based upon subdivision 2 of section 1 of the Attachment act (1 *Comp. Stat., p.* 133), which provides that an attachment shall issue where the plaintiff, his agent or attorney, shall make affidavit that the debtor is not to deponent's knowledge or belief resident in this state at the time, and that he owes to the plaintiff a debt, specifying, as nearly as practicable, the amount thereof.   The affidavit reads as follows: "Warren Robinson, of full age, being duly sworn according to law, on his oath says:

"1. That Andrew E. Mellon owes to deponent a debt, the amount whereof, as nearly as deponent can specify, is forty-seven hundred dollars ($4,700).

"2. The said Andrew W. Mellon is not, to deponent's knowledge or belief, a resident of the State of New Jersey at this time."

The defendant moves to quash the writ upon the grounds— *first,* that the affidavit does not set out a contract; *second,* that it does not state a fixed or definite sum due plaintiff. An *ex parte* affidavit has been filed by the defendant, made

by the agent of the defendant having charge of his property interests, stating that the work called for in an agreement between the parties was not done by the plaintiff, and no bill was rendered by the plaintiff, and that the defendant does not owe the plaintiff any sum whatsoever. It was suggested at the argument of this motion that, in the opinion of the court, depositions should be taken under a rule which the court would allow. This has not been done, and the court has been asked to decide the motion upon the record before it. The defendant insists that, in view of the failure of the plaintiff to deny the substance of the affidavit of defendant's agent, there is no necessity of taking depositions. The plaintiff's counsel contends that the plaintiff is not called on to make any reply to the affidavit, as it is insufficient for the purpose for which it is intended. The position taken by counsel for the plaintiff is, in my opinion, correct.

In the case of *Shadduck* v. *Marsh,* 21 *N. J. L.* 434, this court said: "The affidavit of the defendant is not sufficient in support of a motion to quash; proof must be produced from a different quarter. It may be competent for the purpose of obtaining a rule to show cause, but it is not evidence upon which the rule can be made absolute."

In *Baldwin* v. *Flagg,* 43 *N. J. L.* 495, this court said: "The motion [to quash a writ of attachment] was heard in the Circuit, and is presented here on affidavits taken *ex parte* without notice. The proper practice in such cases is to obtain a rule in the court out of which the writ is issued that the plaintiff show cause why the writ should not be set aside, with leave to take affidavits under which depositions may be taken in compliance with * * * the Practice act."

*Ex parte* affidavits may be used for the purpose of obtaining a rule to show cause, but are not competent to prove facts necessary to support a motion not, of course, or to be read on the hearing of a rule to show cause, depending on facts extrinsic the record. Such facts can only be brought before the court by depositions taken on notice. The practice of taking affidavits *ex parte,* to be used on the argument of a motion, is peculiar to the Court of Chancery. If copies are

regularly served, such affidavits may be used in the Court of Chancery in virtue of the * * * Chancery rules. This practice has never been adopted in the courts of law.

The rules of this court require that all affidavits taken in pursuance of any rule of court, or to be made use of on any argument or hearing * * * "shall be taken on four days' notice, at least, of the time and place of taking the same, and not otherwise."

While the use of the affidavit would be improper, it is, perhaps, not improper to say that, if it were used, it would be insufficient to quash the writ, as a writ will not be quashed upon a mere denial by the defendant of the existence of a debt, and that is all the affidavit avers.

Upon the first ground of attack, which is that the affidavit does not set forth a contract or cause of action, it has been held that the affidavit does not have to set forth a contract or cause of action. It is *prima facie* sufficient if it states that the defendant is indebted to the plaintiff in a certain sum of money, and the defendant is not, to the knowledge or belief of the affiant, resident in this state at the time of making the affidavit. In *Day* v. *Burnett*, 18 *N. J. L.* 287, this court said: "It is very plain, therefore, that the words of the statute do not require the cause of action to be stated in the applicant's affidavit for the writ."

The cases of *Shadduck* v. *Marsh, supra*; *Anspach* v. *Spring Lake*, 58 *N. J. L.* 136, and *Weller* v. *United Garment Workers of America*, 40 *Id.* 91, are to the same effect.

The affidavit recites that the debt, as nearly as deponent can specify, is $4,700. This language is justified by the statute quoted, which does not require the amount to be stated exactly, and gives to the plaintiff some latitude in this respect.

The second ground of attack is that the affidavit does not show a liquidated or definite sum due. It is true that a writ of attachment cannot be issued where the damages are unliquidated. *Heckscher* v. *Trotter*, 48 *N. J. L.* 419. In the present case, however, there is nothing to show that the damages are not liquidated.

The motion to quash is denied, with costs.