SIMON SCHMIDT, PLAINTIFF-APPELLANT, v. IDA A. KYLE AND PAUL KYLE, DEFENDANTS-RESPONDENTS.

Decided November 19, 1926.

Attachment—Trial Judge on Motion Set Aside the Writ, the Only Question Before the Court Being the Sufficiency of the Affidavit Upon Which the Validity of the Writ Rested —Held, on a Motion to Quash, the Court Will Not Consider the Validity or the Justice of the Plaintiff's Claim—Order Quashing Writ Set Aside.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Corn & Silverman.*

For the respondent, *James R. Nugent.*

PER CURIAM.

At the instance of the plaintiff-appellant here, a writ of attachment was issued out of the Essex County Circuit against

the defendants, Ida A. Kyle and Paul Kyle, husband and wife, and respondents here. The basis of the attachment is an affidavit of the plaintiff, which affidavit, in substance, states that Ida Kyle and Paul Kyle are not, to their knowledge or belief, resident in the State of New Jersey, and that they owe to the affiant $900, as nearly as can be specified. Real estate owned by Ida A. Kyle was attached under the writ. The printed case does not disclose that any proceedings were taken after the return of the writ, namely, notice of the attachment by publication as required by section 20 of the Attachment act (1 *Comp. Stat., p.* 142), in cases where no appearance has been entered. No appearance was entered on behalf of either of the defendants. Notwithstanding, five weeks later, after the issuance of the writ, the complainant filed his complaint, setting forth as his demand, as in an ordinary action at law. On the 29th of September, 1924, the defendants obtained a rule to show cause before the Essex County Circuit Court why the writ of attachment should not be set aside and for nothing holden. The order was based upon affidavits made by the defendants, Paul and Ida A. Kyle. These affidavits bear date September 9th, 1924. They deal solely with the meritorious question as to whether the defendants or either of them are or is indebted to the plaintiff. Without asking permission to specially appear, defendants' counsel gave notice of a motion to the plaintiff's attorneys that he would move to set aside the writ of attachment for the following reasons—*first,* the action is based upon a contract purporting to be made by four joint debtors, two of whom reside in New Jersey; *second,* the suit is for unliquidated damages; *third,* the defendants are not parties to the contract upon which the attachment is based; *fourth,* the defendants have incurred no liability to the plaintiff and are not indebted to him in any amount." The notice also contained the following: "Take notice that a certified copy of the record of the contract, the basis of the attachment [the original being in the plaintiff's possession], and the pleadings and other papers filed in the above-stated cause, as well as the papers filed in the office of the clerk of this court, in the case

of Simon Schmidt *v.* William Koch, Winifred Koch, Ida A. Kyle and Paul Kyle, will be used upon the argument of the rule to show cause in this case."

Upon the return of the rule to show cause the trial judge heard the testimony of one William A. Koch as to the merits of the transaction between the attaching creditor and the defendants in attachment. It is true that the counsel of defendants made no objection and participated in the examination, nevertheless, it cannot be overlooked that the examination into, and trial of, the merits of the case was without precedent and without the jurisdictional power of the court.

As a result of the proceedings had before him the trial judge decided that the writ of attachment must be set aside. The only question properly before the court was the sufficiency of the affidavit upon which the validity of the writ rested.

In *Anspach* v. *Spring Lake,* 58 *N. J. L.* 136, Mr. Justice Dixon, speaking for the Supreme Court (at *p.* 138), says: "But in the more recent cases, the true rule seems to have been uniformly declared to be, that on a motion to quash the court would not consider the validity or justice of the plaintiff's claim, and so try in a summary and collateral investigation the main issues between the parties."

In *Woods* v. *Southern Life and Trust Co.,* 87 *N. J. L.* 202, Mr. Justice Swayze, speaking for the Court of Errors and Appeals (at *p.* 204), says: "Ordinarily," as was said by the Supreme Court in *Anspach* v. *Spring Lake, supra* (at *p.* 138), "the validity of the claim should not be tried on a motion to discharge the defendant or his property from a suit." To do so deprives the plaintiff of his right to trial by jury in case the claim is contested, and it would require a clear case of abuse of the process of attachment to justify the court in interfering in this summary way. The learned judge then points out that where it clearly appears "that the only question involved is a question of law, and the law has been settled adversely to the plaintiff, the court may quash the writ."

Now, this does not appear to be so in the present case, for the learned judge in his oral decision makes it plain that

whether William A. Koch, who signed the contract out of which the plaintiff's claim arose, was the attorney in fact of the defendants was a factual question and he decided it as such.

The order quashing the writ of attachment is set aside, with costs.