LEON SINGER, PROSECUTOR-APPELLANT, v. JACK SCHAPIRO, ANNA SCHAPIRO AND STELLA SCHAPIRO, INDIVIDUALLY AND AS CO-PARTNERS TRADING AS MAX SCHAPIRO & SON, ET AL., DEFENDANTS-RESPONDENTS.

Argued February 6, 1945—Decided June 22, 1945.

For the appellant, *Gabriel Kirzenbaum*.

For the respondents, *Philip M. Brenner*.

The opinion of the court was delivered by

HEHER, J. The Middlesex Court of Common Pleas quashed a writ of attachment issued in the ordinary course on the usual affidavit of nonresidence and indebtedness. A writ of *certiorari* to review this action was allowed and later dismissed by a justice of the Supreme Court after hearing had pursuant to *R. S.* 2:81–5. The basic question for decision, therefore, is the propriety of the rule entered in the Pleas quashing the writ of attachment.

The affidavit upon which the writ of attachment issued satisfied the language of *R. S.* 2:42–5(b). It alleged nonresidence and a debt in a specified amount. Nonresidence is conceded. The attachment was quashed before complaint filed. It was shown by depositions taken in the Pleas on the motion to quash that the action was brought under *section 7 (a) of chapter 676 of the Federal Public Laws of* 1938, as amended by *chapter 461 of the Public Laws of* 1941, known as the *"Fair Labor Standards Act of 1938,"* providing, *inter alia,* that "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—* * * (3) for a work-week longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed" (52 *Stat.* 1063; 55 *Stat.* 756; 29 *U. S. C. A.,* § 207); and the ground taken by the Supreme Court was that "the statute, by its terms, applies only to employment in commerce among the states or from a state to a place outside thereof;" that "That sort of commerce is a *sine qua non* of the employee's

right to sue," and "There is nothing in the proofs by which such employment is shown or from which it may be inferred."

On a motion to quash a writ of attachment it is the practice to test the propriety of the remedy by the *nature* of the cause of action as disclosed by the plaintiff, and not by its validity. Ordinarily, such a motion is not adapted to the consideration of the validity or justice of the plaintiff's claim, and thus to try in a summary and collateral investigation the main issue between the parties. This procedure is not to be invoked where the questions raised involve "matters too serious and doubtful to be decided on a motion to quash the writ." *Anspach* v. *Spring Lake,* 58 *N. J. L.* 136. This case was followed by the Court of Errors and Appeals in *Woods* v. *Southern Life and Trust Co.,* 87 *Id.* 202, where Mr. Justice Swayze said: " 'Ordinarily,' as was said by the Supreme Court in *Anspach* v. *Spring Lake, (supra)*, 'the validity of the claim should not be tried on a motion to discharge the defendant or his property from suit.' To do so, deprives the plaintiff of his right to trial by jury in case the claim is contested, and it would require a clear case of abuse of the process of attachment to justify the court in interfering in this summary way." See, also, *Schmidt* v. *Kyle,* 4 *N. J. Mis. R.* 970; 135 *Atl. Rep.* 89. It is the general rule that the sole issue before the court on a motion to quash is whether or not the writ should have been issued, and it is not proper for the court to enter upon a consideration of the merits of the action, save in exceptional cases, 7 *C. J. S.* 623, *et seq.* The courts are enjoined to give the statute a liberal construction "for the detection of fraud, the advancement of justice and the benefit of creditors." *R. S.* 2:42–2. It is not requisite that the affidavit set forth the cause of action. *Day* v. *Bennett,* 18 *N. J. L.* 287; *Robinson* v. *Mellon,* 2 *N. J. Mis. R.* 1184; 126 *Atl. Rep.* 863. The complaint serves that function.

Respondents argue that plaintiff was employed "in a *bona fide* executive and administrative capacity," and the federal statute is therefore inapplicable. 52 *Stat.* 1067, § 13 (*a*); 53 *Stat.* 1266; 29 *U. S. C. A.,* § 213. But this is not a question that is ordinarily determinable on a motion to quash before complaint filed. It involves an inquiry into the plain-

tiff's duties and an interpretation of the federal statute. And it may well involve jury issues. Departmental regulations (*section* 541.1) define this term specifically and at length. It is also urged that a full examination of plaintiff's depositions shows that "his entire testimony is equivocal and evasive," and is "punctuated by incorrect and untrue statements of fact." But the credit to be given to the testimony is for the jury on the trial of the issue. It is maintained, too, that certain of the defendants were not employers of the plaintiff. This, likewise, may be a jury question in the final analysis. At all events, it does not warrant a quashing of the writ as to the other defendants.

The respondents, in their brief, make little or no effort to demonstrate lack of jurisdiction because they were not engaged in interstate commerce. The interstate commerce category has lately been greatly expanded, and whether the individual case takes that classification is a question that should not be determined until after complaint filed and the proofs are in, either on a motion to strike out the complaint as a frivolous or sham, or upon presentation of evidence after issue joined. As was the case in *Anspach* v. *Spring Lake, supra,* we consider this point as "too serious and doubtful" to be summarily disposed of on a motion to quash the writ.

Moreover, it is not entirely clear that the question of the character of the commerce, on which the decision of the Supreme Court turned, was specifically raised or mooted in the Court of Common Pleas. Certain it is that that issue was not resolved in that court. The rule quashing the writ was based upon findings that "the alleged claim of plaintiff is not liquidated or for a sum certain, and * * * said claim arises in part out of a tort alleged to have been committed by defendants," and therefore the issuance of the writ constituted "an abuse of the process of attachment." If this point was not made in the court of first instance, the inquiry by deposition *ex necessitate* was limited accordingly.

There is no contention here that the quashing of the attachment is sustainable on the grounds assigned by the Pleas. Respondents contend merely that, for lack of proof of interstate commerce and also for the reason that plaintiff was

employed in a *"bona fide* executive and administrative capacity," there are no "overtime wages" due him under the Federal Act, and so there is no "debt" to support the writ of attachment.

The judgment of the Supreme Court is accordingly reversed, with costs; and the cause is remanded with direction to vacate the rule quashing the attachment.

PARKER, J. (Dissenting.) The appeal is from a judgment of the Supreme Court dismissing a writ of *certiorari* to bring up a rule entered in the Middlesex Pleas quashing an attachment issued out of that court. The attachment issued in ordinary course, based on the usual affidavit of non-residence and indebtedness. The first is not denied: the second, however, was vigorously denied: the Court of Common Pleas made a rule to show cause why the writ should not be quashed; depositions were taken thereunder; the rule was then argued and made absolute by the county court. A writ of *certiorari* was then allowed by Mr. Justice Case, and was heard by him pursuant to statute, *R. S.* 2:81–5. He filed an unreported opinion calling for a dismissal of the writ, and rule was entered accordingly. The present appeal challenges the propriety of that rule. The determinative question before the Supreme Court was not that of non-residence, as already noted, but was a denial of the truth of the allegation of indebtedness. The affidavit for attachment is in the form specified in *R. S.* 2:42–5, paragraph (b), and is therefore impregnable as to form. Consequently, if vulnerable at all, it must be so on the ground of untruthfulness. Ordinarily the validity of the cause of action will not be inquired into at this stage, *Anspach* v. *Spring Lake,* 58 *N. J. L.* 136: but the rule is subject to exceptions. *Day* v. *Bennett,* 18 *Id.* 287; *Morrel* v. *Fearing,* 20 *Id.* 670; *Shadduck* v. *Marsh,* 21 *Id.* 434; *Bisbee* v. *Bowden,* 55 *Id.* 69, and cases cited on pages 70-71. In view of these decisions, the Court of Common Pleas properly inquired into the particulars of the claim: depositions were taken: and it then developed that the claim of a "debt" was in substance the claim of a statutory penalty based on the federal "Fair Labor Standards Act" of 1938 (29 *U. S.*

*C. A.*) which provides that where an employer is engaged "in commerce or in the production of goods for commerce" (meaning interstate or foreign commerce) an employee is entitled to "time and a half" for all time over forty hours a week. Plaintiff's claim is shown to rest on the theory that defendants were "engaged in commerce" (of which we find no proof even in the depositions) and that he had worked a stated number of hours overtime. Mr. Justice Case pointed out that there was "nothing in the proofs by which such employment is shown or from which it may be inferred."

I think he was correct in so holding, and that the judgment under review should therefore be affirmed.

Mr. Justice Bodine and Judges Wells and Dill authorize me to say that they concur in the views above expressed.

*For affirmance*—PARKER, BODINE, WELLS, DILL, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, PERSKIE, COLIE, RAFFERTY, JJ. 7.